146 So.2d 899 (1962)
FAWCETT PUBLICATIONS, INC., a Delaware Corporation, Appellant,
v.
Woodrow BROWN, Appellee.
No. 3360.
District Court of Appeal of Florida. Second District.
November 2, 1962.
Louis M. Jepeway, of Jepeway & Gassen, Miami, for appellant.
John D. Menas and H. Eugene Johnson, Tampa, for appellee.
SMITH, Judge.
The appellee, Woodrow Brown, filed his amended complaint against the appellant, Fawcett Publications, Inc., and one other defendant not a party to this appeal, alleging that he was libeled through an article appearing in Fawcett's magazine. The complaint further alleged that Fawcett was a Delaware corporation, conducting business in Hillsborough County, Florida, and the publisher of "True Police Cases," a magazine of general circulation in Hillsborough and Pasco Counties, Florida; and that the other defendant was a distributing agent for Fawcett with respect to the said magazine. In his more definite statement filed pursuant to order of the court, the plaintiff alleged that the following statements appeared in the issue of said magazine which contained the allegedly libelous article, to-wit:
"Permission hereby granted to quote from this issue of this magazine on radio or television, provided a total of not more than 1000 words is quoted and credit is given to the title of the magazine and issue, as well as the statement, copyright 1961, by Fawcett Publications, Inc.
"TRUE POLICE CASES is published bi-monthly by Fawcett Publications, Inc., Fawcett Building, Fawcett Place, Greenwich, Conn.;
"ADDRESS ALL MAIL: Subscriptions, change of address, Form 3579 to Subscription Dept., Fawcett Bldg., Greenwich, Conn.; and all editorial and advertising to Fawcett Publications, Inc., 67 West 44th St., New York 36, N.Y.
"EDITORIAL OFFICES: 67 West 44th St., New York 36, N.Y. General *900 Offices Fawcett Place, Greenwich, Conn. Address all manuscripts to New York Editorial Office. Not responsible for lost manuscripts and photos. Unacceptable contributions will be returned if accompanied by sufficient first class postage.
"PRICE: 35¢ per copy; subscription price: $4.00 for 12 issues in the United States and possessions and Canada."
Upon these allegations, and pursuant to the provisions of § 47.16, Florida Statutes, F.S.A., service of process was made upon this foreign corporation defendant in the method provided by § 47.30, Florida Statutes, F.S.A. The defendant, Fawcett, filed its motion to dismiss and to quash the service of process because of lack of jurisdiction over the person of that defendant. This motion was supported by the affidavit of the vice-president and assistant general manager of Fawcett and the affidavit of its newsstand sales manager. These affidavits state, in substance, that Fawcett Publications, Inc., is a corporation organized and existing under the laws of the State of Delaware; that it is not, and never has been, qualified or authorized to do business in Florida; that it does not do business in the State of Florida; that it owns no property in Florida; that it does not have any office or any telephone listing in Florida; that it does not operate, conduct, engage in, or carry on a business or business venture in the State of Florida; and that it does not have an office or agency in Florida. These affidavits further state that articles which appear in its publication, "True Police Cases," are purchased from free-lance independent writers and that these writers are not agents or employees of the defendant; that its publication is printed in Kentucky and shipped in interstate commerce to independent contractors and dealers who purchase the magazines in interstate commerce by orders directed to Fawcett at Greenwich, Connecticut; that payment for such magazines so ordered and sold is made by said independent dealers and contractors through interstate commerce to Fawcett at Greenwich; that these independent dealers and contractors purchase and sell magazines of numerous other publishers and that Fawcett has no control whatsoever over the business dealings of these independent contractors who purchase these magazines at wholesale; and that Fawcett does not, through brokers, jobbers, or distributors, sell, consign or lease, by any means whatsoever, tangible or intangible personal property to any person, firm or corporation in the State of Florida.
Plaintiff did not support his allegations by affidavit or other proof; and he neither filed any affidavits, nor offered any evidence controverting the statements made in the affidavits by the defendant. The court denied Fawcett's motions, and it brought this interlocutory appeal.
Appellant, Fawcett, contends that the record here wholly fails to show any facts from which it could be concluded that it had, by its actions, operated, conducted, engaged in or carried on a business or business venture in the State of Florida, or had an office or agency in the State, so as to be deemed to have appointed the Secretary of State as its agent for service of process as prescribed by § 47.16, Florida Statutes, F.S.A.
In the interest of brevity, we adopt the statements of law applicable to the facts here as they are set forth in Fawcett Publications, Inc. v. Rand, Fla.App. 1962, 144 So.2d 512, without repeating them. We note that the affidavits submitted by Fawcett in this case contain substantially the same statements as are detailed in Fawcett v. Rand, supra. The principal distinguishing feature here is the fact that in this case the plaintiff relied upon its allegations and failed to substantiate them by affidavit containing statements of fact, or by other proof. Thus, the plaintiff failed to meet his burden of presenting a situation that clearly justifies the method of substituted service of process in lieu of personal service authorized under the circumstances *901 enumerated in § 47.16, Florida Statutes, F.S.A.
The order appealed from is reversed and the cause remanded with directions to grant Fawcett's motion to dismiss and to quash the service of process.
SHANNON, C.J., and KANNER, J., concur.