169 So.2d 522 (1964)
Elvin I. UNTERMAN, Appellant,
v.
C.R. BROWN, Appellee.
No. 5294.
District Court of Appeal of Florida. Second District.
December 9, 1964.
*523 W. David Rogers, Jr., and Leon Hunter Handley, of Gurney, Gurney & Handley, Orlando, for appellant.
William H. Maness, of Kurz, Toole, Maness & Martin, Jacksonville, for appellee.
SHANNON, Judge.
Florida East Coast Enterprises, Inc., a Florida Corporation, obtained a permit from the Florida State Racing Commission to conduct Jai Alai and to pursue a campaign in Brevard County to obtain the approval of the electorate in a referendum for the establishment of a Jai Alai fronton. A heated campaign developed in which the appellee became quite active in opposing the establishment of a fronton. Florida East Coast Enterprises, Inc., filed a slander action against the appellee, which was later voluntarily dismissed after the referendum defeated the proposed fronton. The appellee then filed suit against Florida East Coast Enterprises and four of its officers and directors individually for malicious prosecution. One of the directors is Appellant Unterman who is a nonresident. The question presented is whether this appellant is doing business in the State of Florida so as to subject himself to service of process under Fla. Stat. Secs. 47.16 and 47.30, F.S.A. The trial court held that this appellant was amenable to service of process under this statute.
The complaint, as regards Unterman, states only that he was "engaged in a business or business venture within the State of Florida so as to be subject of process under the laws of the State of Florida." This appellant moved to dismiss and attached an affidavit in which he stated that he is a full time practicing attorney in New York and that Florida East Coast Enterprises has been dormant for the past three years except for the activities set out above. He further stated that the affairs of the corporation are conducted by the president; that his activities have been limited largely to several visits to Florida to consult with the president; that as treasurer of the corporation he has never signed a check on the corporate account; and as a director he has never attended a corporate meeting.
Unterman is also the co-owner of a Fort Lauderdale restaurant but it has not been suggested or shown that this restaurant is in any way connected with Florida East Coast Enterprises. The appellee urges that, since said appellant is a director and *524 officer of the corporation and the co-owner of a restaurant in Fort Lauderdale, he is doing business in Florida as is contemplated by Fla. Stat. Sec. 47.16, F.S.A. This statute provides, in part:
"The acceptance by any person or persons * * * of the privilege extended by law to nonresidents and others to operate, conduct, engage in, or carry on a business or business venture in the state * * * shall be deemed equivalent to an appointment by such persons and foreign corporations of the secretary of state of the state as the agent of such persons or foreign corporations upon whom may be served all lawful process in any action, suit or proceeding against them, or either of them, arising out of any transaction or operation connected with or incidental to such business or business venture * * *." (Emphasis added).
Since it has not been shown that the present suit has arisen out of any transaction connected with the Fort Lauderdale restaurant, the fact that Unterman is the co-owner of the restaurant is irrelevant. The remaining question is whether a nonresident who is an officer and a director of a Florida corporation is engaging in business in Florida so as to make him subject to service of process under Fla. Stat. Sec. 47.16, F.S.A.
There can, of course, be no general answer to this question. Each case must be resolved on the basis of its own facts. See Wm. E. Strasser Construction Corp. v. Linn, Fla. 1957, 97 So.2d 458. Nonresident service of process statutes are to be strictly construed and the party seeking to invoke the statutes has the burden of clearly showing that the situation presented justifies application of the statutes. Fawcett Publications, Inc. v. Rand, Fla.App. 1962, 144 So.2d 512, and Wm. E. Strasser Construction Corp. v. Linn, supra.
Although the Florida courts have had many situations involving nonresident service of process, none of them are sufficiently similar to the case on review to be helpful. In International Shoe Co. v. Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95, the United States Supreme Court held that in order for a state to subject a nonresident to its jurisdiction the nonresident must have certain "* * * minimum contacts with it such that the maintenance of the suit does not offend `traditional notions of fair play and substantial justice.'" In McGee v. International Life Insurance Co., 355 U.S. 220, 78 S.Ct. 199, 2 L.Ed.2d 223, the Court recognized the trend toward the expansion of the jurisdiction of states over nonresidents. Referring to McGee, the Court, in Hanson v. Denckla, 357 U.S. 235, 78 S.Ct. 1228, 2 L.Ed.2d 1283, stated:
"But it is a mistake to assume that this trend heralds the eventual demise of all restrictions on the personal jurisdiction of state courts. See Vanderbilt v. Vanderbilt, 354 U.S. 416, 418, 77 S.Ct. 1360, 1362, 1 L.Ed.2d 1456 [1459]. Those restrictions are more than a guarantee of immunity from inconvenient or distant litigation. They are a consequence of territorial limitations on the power of the respective States. However minimal the burden of defending in a foreign tribunal, a defendant may not be called upon to do so unless he has had the `minimal contacts' with that State that are a prerequisite to its exercise of power over him. * * *"
This appellant in the present case has not carried on any business in Florida which is connected with the cause of action of the appellee. He is merely an officer and director of the corporation which has allegedly committed a tort. It is not necessary here to decide whether subjecting Unterman to Florida's jurisdiction would offend the "minimum contacts" standard set out by the United States Supreme Court. However, it is obvious that the appellee has not carried his burden of showing that said appellant was doing business in Florida so as to make him amenable to service *525 of process under Fla. Stat. Sec. 47.16, F.S.A. Therefore, appellant's motion to dismiss should have been granted.
Reversed.
SMITH, C.J., and WHITE, J., concur.