176 So.2d 903 (1965)
YOUNG SPRING & WIRE CORP., a Michigan corporation, Petitioner,
v.
Loretta Marie SMITH, Respondent.
No. 33205.
Supreme Court of Florida.
June 23, 1965.
*904 Fred C. Davant and Wicker, Smith, Blomqvist, Hinckley & Davant, Miami, for petitioner.
Highsmith & Ezzo, Miami, for respondent.
ERVIN, Justice.
In this case a petition for writ of certiorari was filed seeking our review of a decision of the District Court of Appeal, Third District (Young Spring & Wire Corp. v. Smith, Fla.App. 1964, 159 So.2d 120). The decision sought to be reviewed is an order of affirmance without opinion. Petitioner, Young Spring & Wire Corp., a Michigan corporation, was the defendant in the trial court upon whom substituted service was held to have been duly and legally effected. It contends said decision is directly in conflict with the decision of the District Court of Appeal, Second District, in Fawcett Publications, Inc. v. Brown (Fla.App. 1962), 146 So.2d 899.
Probable jurisdiction having been made to appear, oral argument was heard on the questions of jurisdiction and merits. Thereafter we requested the District Court of Appeal, Third District, to assist us in disposing of this case by preparing and adopting an opinion setting forth the theory and reasoning upon which its decision had been based, and relinquished to that court, temporarily, jurisdiction to do so. See Young Spring & Wire Corp. v. Smith (Fla. 1964), 168 So.2d 540. That court in its opinion filed February 23, 1965, (Case #63704) respectfully declined to re-consider the same.
This Court was recently faced with a similar situation in Foley v. Weaver Drugs, Inc., 177 So.2d 221, Opinion filed April 28, 1965, where we concluded that a conflict existed and held
"* * * that this court may review by conflict certiorari a per curiam judgment of affirmance without opinion where an examination of the record proper discloses that the legal effect of such per curiam affirmance is to create conflict with a decision of this court or another district court of appeal."
It is our view that the conflict which petitioner contends exists in the instant case does exist.
Petitioner was a defendant in a common law action in the Circuit Court of Dade County. Respondent, the plaintiff in the Circuit Court, alleged that petitioner is a *905 Michigan corporation doing business in Florida. Petitioner was served pursuant to F.S. §§ 47.16 and 47.30, F.S.A., providing for substituted service of process. Petitioner (defendant) filed a motion to quash service of process on the ground that it was a foreign corporation and not amenable to substituted service in this state. In support of said motion petitioner submitted the affidavits of two of its officers. These affidavits are substantially identical and state, inter alia, that petitioner is a Michigan corporation with an office in California and that in Florida it has never registered as a foreign corporation, conducted business, owned or leased real estate, appointed a resident agent, had a telephone listing, paid taxes, maintained bank accounts or held stock, had any salesmen, officers or places of business. It is admitted in the affidavit that petitioner manufactures a product in Ohio which is sold and shipped in interstate commerce to " * * * independent distributors or dealers for resale to customers. * * *"
In response to petitioner's motion and affidavits, respondent submitted an affidavit by her attorney which states that petitioner, in reply to the affiant's inquiry by letter, advised the affiant that the nearest distributor of petitioner's product is Deboliac Engineering & Manufacturing Corporation, a co-defendant below, and that the Deboliac Corporation in its answer to the complaint admitted respondent's allegation that it distributes petitioner's products. Deboliac Engineering & Manufacturing Corporation is a Florida corporation with its principal place of business in Miami, Florida.
Petitioner's motion to dismiss was denied and petitioner filed an interlocutory appeal to the District Court of Appeal, Third District. The lower court's order was affirmed per curiam.
F.S. § 47.16, F.S.A., providing for substituted service, must be strictly construed and one seeking to effcet service under it has the burden of presenting facts which clearly justify its applicability. Florida Investment Enterprises, Inc. v. Kentucky Co. (Fla.App.), 160 So.2d 733; Fawcett Publications, Inc. v. Brown (Fla.App.), 146 So.2d 899; Fawcett Publications, Inc. v. Rand (Fla.App.), 144 So.2d 512; Wm. E. Stresser Const. Corp. v. Linn, Fla., 97 So.2d 458; Jenkins v. Fawcett Publications, Inc., D.C., 204 F. Supp. 361.
With the exception of the affidavit filed by the respondent in the instant case, the controlling facts in Fawcett Publications, Inc. v. Brown, supra, are strikingly similar to the facts in the instant case. The decision in Fawcett v. Publications, Inc. Brown, supra, held a plaintiff must substantiate the jurisdictional allegations of a complaint in effecting substituted service "* * * by affidavit containing statements of fact, or by other proof." This refers only to statements of material fact, and for lack of such in the instant case we conclude that plaintiff here, as in the Fawcett case, " * * * failed to meet his burden of presenting a situation that clearly justifies the method of substituted service. * * *"
Respondent's affidavit lacks any material fact which would clearly show that petitioner is doing business in Florida. The affidavit states only that petitioner had informed respondent (in response to her inquiry) that "* * * your nearest distributor is * * *" a Florida corporation with address in Miami. We are unable to ascribe any significance to this. The use of the word "distributor" in the context employed is insufficient to establish the fact that this "distributor" is controlled by petitioner or that petitioner has even a modicum of control over its products while in the possession of the "distributor."
The disposition of the issue of substituted service by the decision below is contrary to Fawcett v. Brown, supra, and constitutes a direct decisional conflict.
*906 With respect to the law generally, it is said in 23 Am.Jur., Foreign Corporations, § 553, on pages 561 and 562 that:
"Ordinarily, a person who handles the goods of a foreign corporation as a broker is not its managing agent upon whom process may be served. Nor is a commission merchant, receiving property for sale from a foreign corporation, its managing agent upon whom process may be served. * * *"
See also Barnes v. Maxwell Motor Sales Corp., 172 Ky. 409, 189 S.W. 444, Ann.Cas 1917E, 578. Annotation 113 A.L.R. 113, et seq.
The petition is granted, the judgment is quashed and the cause remanded for disposition in accordance with this opinion.
It is so ordered.
DREW, C.J., and ROBERTS and CALDWELL, JJ., concur.
THOMAS and O'CONNELL, JJ., dissent because of the lack of jurisdiction in this court.
THORNAL, J., dissents.