199 So.2d 299 (1967)
Carolyn WILLIAMS, a Minor, by Earl Williams, Her Father and Next Friend, and Earl Williams, Individually, Appellants,
v.
DUVAL COUNTY HOSPITAL AUTHORITY of Duval County, Florida, a Public Body Corporate and Politic of the State of Florida, and Jesse R. Ledbetter, Jack L. Sapolsky and James Morris, Appellees.
No. I-434.
District Court of Appeal of Florida. First District.
May 23, 1967.
Rehearing Denied June 16, 1967.
*300 John Paul Howard, Jacksonville, for appellants.
Cox, Grissett & Webb, and Martin Sack, Jr., Jacksonville, for appellees.
WIGGINTON, Judge.
Plaintiffs have appealed a final judgment dismissing their amended complaint against defendant, Jack L. Sapolsky, on the ground that the court lacks jurisdiction over the person of defendant. The sole point on appeal questions the correctness of the trial court's holding that defendant Sapolsky is not subject to constructive service of process pursuant to Sections 47.16(1) and 47.30, Florida Statutes, F.S.A., under the facts of this case.
The undisputed facts revealed by the record establish that between April, 1964, and April, 1965, appellee Sapolsky was a resident of the State of Florida and an employee of the Duval County Hospital Authority in Jacksonville, Florida, receiving a monthly salary of $425.00. During this interim he was neither a licensed medical doctor under the laws of Florida, nor did he engage in the general practice of medicine in this state, but confined the rendition of his services to the Duval County Hospital Authority as its paid employee. During the month of August, 1964, Sapolsky is alleged to have committed an act of negligence proximately causing the damages suffered by plaintiffs for which recovery is sought in this proceeding, which negligence was committed while defendant was acting both individually and as an employee of the hospital. Sapolsky entered the military service of the United States in 1965 and performed a one-year tour of duty in South Vietnam before returning to Fort Benning, Georgia, in 1966, where he was residing at the time of the institution of this suit.
Upon the filing of the complaint appellants sought to procure constructive service of process on appellee pursuant to the provisions of Sections 47.16(1) and 47.30, Florida Statutes, F.S.A. The statute construed by the trial court in this case provides in pertinent part as follows:
"(1) The acceptance by any person or persons, individually, or associated together as a copartnership or any other *301 form or type of association, who are residents of any other state or country, and all foreign corporations, and any person who is a resident of the state and who subsequently becomes a nonresident of the state or conceals his whereabouts, of the privilege extended by law to nonresidents and others to operate, conduct, engage in, or carry on a business or business venture in the state, or to have an office or agency in the state, shall be deemed equivalent to an appointment by such persons and foreign corporations of the secretary of state of the state as the agent of such persons or foreign corporations upon whom may be served all lawful process in any action, suit or proceeding against them, or either of them, arising out of any transaction or operation connected with or incidental to such business or business venture, and the acceptance of such privilege shall be signification of the agreement of such persons and foreign corporations that any such process against them or either of them, which is so served shall be of the same legal force and validity as if served personally on such persons or foreign corporations. * * *"[1]
It is appellants' contention that under the facts hereinabove recited, appellee was a resident of the State of Florida at the time he committed the act of negligence alleged in the amended complaint, which negligence arose out of a transaction or operation connected with or incidental to a business or business venture then being carried on by appellee in this state. There can be no question but that at the time appellee allegedly committed the act of negligence described in the complaint he was a resident of Florida and has since that time, and prior to the institution of this suit, removed himself from this state and is no longer a resident thereof. The only question presented for our determination is whether, under the facts hereinabove stated, the act of negligence allegedly committed by appellee arose out of a transaction or operation connected with or incidental to a business or business venture then being carried on by him in this state.
In Florida Investment Enterprises v. Kentucky Company, Inc.,[2] this court had occasion to construe the statute here considered, and in that connection reviewed a representative number of decisions rendered by the appellate courts of this state construing the statute in cases involving varying factual situations. In that case the well-established principle of law was recognized that statutes providing for substituted service of process in lieu of personal service must be strictly construed, and the burden of presenting a situation that clearly justifies its application is upon the one invoking its provisions. It appears to be an accepted principle that cases involving the application of statutes authorizing constructive service of process are not susceptible of an inflexible or fixed rule of law, but must be decided on the facts peculiar to each case as it arises.
In each of the cases we have reviewed in which the courts have held that a defendant was amenable to constructive service of process under the statute here considered, it was made to appear that the act giving rise to the cause of action sued upon arose out of a transaction or occurrence in connection with a commercial business or business venture such as the management of a commercial enterprise, the purchase, management, and sale of property, or the financing of business ventures looking to the acquisition, management, control, and sale of commercial enterprises.
We have found no case, and none has been brought to our attention, where the personal services of an individual *302 rendered for a stated consideration have been held to constitute the operation, conduct, engagement in or carrying on of a business or business venture within the meaning, spirit, and intent of the statute here considered. This is the conclusion reached by the trial judge, in which conclusion we concur. In considering the preamble to the statute at the time it was adopted, and the construction which has been placed upon it by the courts since that time, we are convinced that it was not the legislative intent that constructive service of process be available in suits against nonresidents of this state whose business activities while in the state consisted of no more than the rendition of personal services to an employer for a fixed salary. Even should it be considered that appellee's employment constituted engagement in the practice of the medical profession, this court, in construing F.S. Section 542.12, F.S.A., dealing with contracts and restraint of trade, held that a broad distinction existed between the practice of a profession on the one hand, and the engagement in a business on the other.[3] It would therefore follow that even if appellee was engaged in the practice of his profession in Florida at the time of the commission of the act which gave rise to this cause of action, such activity on his part would not be construed as engaging in and carrying on a business or business venture within the purview of the constructive service statute here considered. If persons falling within the category of appellee in this case are to be held amenable to constructive service of process under F.S. Section 47.16(1), F.S.A., orderly procedure requires that this be accomplished by amendment of the statute, and not by judicial edict.
For the foregoing reasons, the judgment appealed is affirmed.
RAWLS, C.J., and CARROLL, DONALD K., J., concur.
NOTES
[1] F.S. § 47.16(1), F.S.A.
[2] Florida Investment Enterprises, Inc. v. Kentucky Company, Inc. (Fla.App. 1964), 160 So.2d 733.
[3] Bergh v. Stephens (Fla.App. 1965), 175 So.2d 787, 790.