PER CURIAM.
This appeal is by the plaintiff from an order quashing service of process on .the sole ground that the court lacked jurisdiction over the defendant, Litton Systems, Inc.
The record indicates that the defendant is a foreign corporation and that plaintiff attempted to obtain service under Fla.Stat. § 47.16, F.S.A.
The party seeking to effect service under this statute has the burden of clearly showing that the situation presented justifies application of the statutes. Wm. E. Strasser Construction Corp. v. Linn, Fla.1957, 97 So.2d 458; Fawcett Publications, Inc. v. Rand, Fla.App.1962, 144 So.2d 512; and Unterman v. Brown, Fla.App.1964, 169 So.2d 522. In order to sustain this burden the plaintiff must substantiate the jurisdictional allegations of his complaint by affidavits containing statements of material fact or by other proof. Young Spring & Wire Corp. v. Smith, Fla.1965, 176 So.2d 903.
The record and affidavits filed in this cause do not clearly show that the defendant was engaged in such a business or business venture in Florida as to justify the use of substituted service of process in this action.
In addition thereto, it does not clearly appear from the affidavits and record that this cause of action arose out of a transaction or operation connected with or incidental to a business or business venture of the defendant here in the State of Florida. See Fla.Stat. § 47.16, F.S.A., and Unterman v. Brown, supra.
Accordingly, the order appealed from is hereby
Affirmed.