PER CURIAM.
This is an interlocutory appeal by a third party defendant, Industrial Lubricants, Inc., a Nebraska corporation, from an order denying its motion to dismiss the third party complaint of Ceco Steel Products Corp. The third party complaint alleged that Industrial had furnished to Ceco a form coating called Knox Crete which was defective and not fit for its intended use. Industrial Lubricants contends that the lower court lacked jurisdiction over it, and that the personal service of process made upon Walton Building Supply Co. as their agent was insufficient because Walton Building Supply Co. was not their agent but only a purchaser in a seller-purchaser relationship. In support of its motion, Industrial Lubricants filed an affidavit from its president that the sole relationship was a buy-sell arrangement.
Ceco relies upon Fla.Stat. § 48.181, F.S.A. and Continental Copper & Steel Indus, v. E. C. “Red” Cornelius, Fla.App.19S8, 104 So.2d 40.
In Cornelius, the court found that there was sufficient proof in the record to support the conclusion of the trial judge that the foreign corporation was engaged in a “business venture” in Florida and therefore subject to process under Fla.Stat. § 47.16 (1957), F.S.A., the predecessor to § 48.181 (1967).
In Hydronaut, Inc. v. Litton Systems, Inc., Fla.App.1968, 208 So.2d 494, this court stated, in affirming an order quashing service:
“The record indicates that the defendant is a foreign corporation and that plaintiff attempted to obtain service under Fla.Stat., § 47.16, F.S.A.
“The party seeking to effect service under this statute has the burden of clearly showing that the situation presented justifies application of the statutes * * * (citing cases) * * *. In order to sustain this burden the plaintiff must substantiate the jurisdictional allegations of his complaint by affidavits containing statements of material fact or by other proof. * * *
“The record and affidavits filed in this cause do not clearly show that the defendant was engaged in such a business or business venture in Florida as to justify the use of substituted service of process in this action.”
*509 ^ * * * H'
The record herein does not clearly show that the third party defendant was engaged in such a business or business venture as to justify substituted service of process.
We therefore reverse and remand this cause for the entry of an appropriate order quashing the purported service of process in accordance herewith.
It is so ordered.