SPECTOR, Judge.
This is an interlocutory appeal by one of several defendants in a medical malpractice suit seeking a reversal of an order by the trial court relating to service of process on the appellant. It appears from the agreed facts that at the time of the filing of this action appellant was not and is not presently a resident of this State.
Constructive service was attempted to be made by the plaintiffs upon appellant under the provisions of Section 47.16(1), Florida Statutes, F.S.A. [now 48.181]. Thereafter on January 31, 1967, appellant filed his motion to dismiss the complaint and to quash the service as to him. Two grounds for quashal of service were advanced by appellant. First, appellant contended that the constructive service provisions found in Section 47.16(1), Florida Statutes, F.S.A., were not intended to be applicable to persons engaged in the prac *239 tice of a profession as distinguished from engaging in a business. Second, appellant contended by his motion that the service of process attempted upon him was insufficient in that the affidavits filed in connection with the substituted service attempted did not allege facts showing that Section 47.16(1), Florida Statutes, F.S.A., and the constructive service of process therein provided were applicable to the facts in this action. This motion was granted by the trial court on February 17, 1967.
A second attempt was then made by plaintiffs to serve this appellant with process under the provisions of Section 48.181, Florida Statutes, F.S.A. After this second attempt at constructive service on appellant, plaintiffs served appellant’s attorney with a “notice of taking deposition”, said notice being mailed on March 18, 1968. On March 22, 1968, appellant filed a second motion asking the court to quash the second attempted constructive service and the notice of taking deposition. Essentially the same grounds for quashal were advanced in appellant’s second motion as on the first, which resulted in the February 17, 1967, order of dismissal and quashal. Appellant’s second motion was granted on April 4, 1968, and both the second attempted service and the notice of taking deposition stood quashed. In its April 4 order, the trial court recited the earlier order of February 17, 1967, and observed that since said first order of dismissal no new suit or complaint had been filed against the appellant. Additionally, said order observed that in any event the return of service of process was defective because a return receipt had not been filed as required by Section 48.181, Florida Statutes, F.S.A., the statute pursuant to which plaintiff had attempted service upon the appellant.
On May 24, 1968, the present counsel for appellees made their appearance and shortly thereafter filed a motion asking for the entry of an order allowing additional time for filing of affidavits by plaintiffs and for filing the return receipt showing service of the suit papers by mail upon appellant. The appellant again opposed these efforts to perfect service of process upon him by asserting that the most recent efforts to effect service were contrary to the court’s two earlier orders of dismissal and, further, on the contention that plaintiffs had elected to proceed as permitted by Florida Rule of Civil Procedure 1.070, 30 F.S.A. against the other defendants who had been served. After hearing arguments of counsel on the last motion sequence, the trial court rejected appellant’s opposition and entered its order granting appellees additional time for filing affidavits and the return receipt evidencing service by mail upon appellant. It is this last order from which the instant interlocutory appeal is taken.
The foregoing sequence of events in ap-pellees’ efforts to effect service of process upon appellant and the latter’s efforts to defeat them is set out because it is against that background that we must determine the correctness of the trial court’s last order granting appellees additional time to perfect service of process.
The text of the order appealed and the argument of counsel contained in the briefs before this court make it appear that the primary questions to be decided on this appeal are: (1) whether a party plaintiff may make multiple attempts to obtain service of process upon a defendant without filing additional complaints before each attempt to serve, and (2) whether failing to obtain an order of continuance as to an unserved defendant and proceeding with the prosecution of an action as to those defendants who were served constitutes an election within the meaning of Rule 1.070, Florida Rules of Civil Procedure. Although the above questions seem to have been the primary object of counsel’s attention, we think that the answer to an underlying question is decisive of this case and renders it unnecessary for us to delve into the interpretations of Rule 1.070, Florida Rules of Civil Procedure, suggested by either appellant or appellees.
It will be remembered that in both of appellant’s successful motions to dismiss and *240 quash service of process, appellant urged that Section 47.16(1), Florida Statutes, F. S.A. [now 48.181], does not apply to persons practicing a profession in this State in contrast to engaging in business in this State. Although the parties hereto have de-emphasized this phase of the case in their briefs, we believe that it is the controlling question. If this statutory method of effecting service of process is inapplicable to a nonresident who has been engaged in only a profession in Florida and not a business, then there is no necessity to inquire into the sufficiency of the affidavits or successive efforts to get service under the statute without filing new actions.
In Williams v. Duval County Hospital Authority, 199 So.2d 299, this court had before it the question of whether Section 47.16(1), Florida Statutes, F.S.A., was applicable to enable constructive service to be had upon a person practicing the profession of medicine in this State. Answering this question negatively, the court stated at page 302:
“* * * It would therefore follow that even if appellee was engaged in the practice of his profession in Florida at the time of the commission of the act which gave rise to this cause of action, such activity on his part would not be construed as engaging in and carrying on a business or business venture within the purview of the constructive service statute here considered. If persons falling within the category of appellee in this case are to be held amenable to constructive service of process under F.S. Section 47.16(1), F.S.A., orderly procedure requires that this be accomplished by amendment of the statute, and not by judicial edict.”
Although it is not set out in our opinion in Williams, supra, reference to the record on appeal and briefs in that case tell us that the plaintiff seeking to serve that defendant doctor under Section 47.16(1) argued that the doctor had accepted the benefit and privilege of practicing medicine in the State of Florida and that by doing so he accepted the obligations accompanying that privilege, thus authorizing substituted service of process upon him after he removed himself from this State were he to be sued for alleged malpractice occurring prior to his departure. This argument was rejected by our decision in the Williams case, supra. A similar result was reached by our sister court in Fine v. Snyder, 207 So.2d 695 (Fla.App.3d 1968), in which the cited statute was held inapplicable to a medical practitioner for purposes of constructive service.
Accordingly, the order appealed is reversed and the lower court is instructed to grant appellant’s motion to quash such service of process upon him as has been or may be attempted under the subject statute.
WIGGINTON, C. J., and JOHNSON, J., concur.