PER CURIAM.
Petitioner seeks to have this Court review on conflict certiorari the decision of the District Court of Appeal, Third District, affirming per curiam without opinion the denial of petitioner’s motion to quash service of process under Florida Statutes § 48.181, F.S.A. 228 So.2d 451. Petitioner contends that the holding of the District Court creates conflict on the question of proof necessary to show a nonresident corporation has undertaken “to operate, conduct, engage in, or carry on a business or business venture in the state, or to have an office or agency in the state.” [1]
Cases cited for conflict are Young Spring & Wire Corp. v. Smith,[2] Fawcett Publications, Inc. v. Brown,[3] and Viking Superior Corp. v. W. T. Grant Company.[4] The Yeung Spring & Wire Corporation, Faw-cett and Viking cases, supra, hold that one seeking to effect service under Florida Statute § 47.16, F.S.A., has the burden of presenting facts which clearly justify its applicability. In Young Spring & Wire and in Fawcett, affidavits were held lacking in material facts showing that the nonresident was doing business in Florida. Viking held counter affidavits of nonresident manufacturing company prima facie sufficient to show manufacturer was not engaged in business in Florida.
In the instant case the trial court and the District Court found the affidavits and other proof submitted sufficient to show that C. I., Inc., defendant to the counterclaim, was engaged in a business venture within the state. Evidence properly con *442 sidered by the trial court, presented by affidavit or otherwise, included the subleasing of a DC-7C aircraft by C. I., Inc., a travel club, also known as Club Internationale; and the repair of the aircraft and hiring and payment of one William Nugent as a pilot to fly the aircraft. The foregoing events took place j. within the State and were found sufficient under Florida Statute § 48.181, F.S.A.[5] The counter affidavit of the assistant secretary of C. I., Inc., was without effect since it was simply a denial phrased in the language of the statute without statement of material fact.
The comparison of the facts in the instant case with those of the cases cited for conflict, reveals substantial and material differences precluding conflict.
Accordingly, writ of certiorari heretofore issued is hereby discharged.
It is so ordered.
ERVIN, C. J., and ROBERTS, CARLTON and BOYD, JJ., concur.
DREW and THORNAL, JJ., agree to conclusion discharging writ.
MASON, Circuit Judge, dissents with opinion.

. Florida Statutes § 48.181, F.S.A.

. 176 So.2d 903 (Fla.1965).

. 146 So.2d 899 (Fla.App.2d 1962).

. 212 So.2d 331 (Fla.App.lst 1968).

. See, DeVaney v. Rumsch, 228 So.2d 904 (Fla.1969).