CARROLL, DONALD K„ Judge.
The plaintiffs in a negligence action have appealed from an order entered by the Circuit Court for Marion County, dismissing with prejudice for want of prosecution their complaint as to four of the five defendants.
In their complaint, filed on December 29, 1966, the plaintiffs allege a cause of action in negligence against Bernard J. Rumsch, M.D., three other medical doctors, and a hospital, seeking damages for physical injuries and grievous mental and emotional distress and anxiety which the plaintiff wife suffered as a result of the negligent acts of the said defendants.
On May 9, 1968, four of the defendants (not including the defendant Rumsch) filed a motion to dismiss this cause of action for want of prosecution, pursuant to Rule 1.140(e), Florida Rules of Civil Procedure, 30 F.S.A., on the ground that the plaintiffs had taken no affirmative action since April 24, 1967.
On February 10, 1970, the Circuit Court entered an order appealed from herein, granting the said motion to dismiss and dismissing with prejudice the plaintiffs’ complaint as to the said four defendants who had filed the motion to dismiss.
Since the said motion so granted by, the court was filed on May 9, 1968, the one-year period of inaction, which is the basis for *70 the motion, was the period between May 9, 1967, and May 9, 1968. Examining the record-on-appeal in this cause, however, we find that the following were filed by the parties during the said period: The plaintiffs filed a notice to take the deposition of the defendant Rumsch, serving a copy of the notice upon the latter’s attorney as well as upon the attorney for the defendant hospital; the defendant Rumsch filed a motion to quash the action of service of process and to quash the above notice of taking deposition, as well as a notice of hearing on the said motion to quash, serving a copy of the said notice of hearing upon the attorneys for the plaintiffs and for the defendant hospital.
Rule 1.420(e), Florida Rules of Civil Procedure, which is the basis for the order appealed from herein, provides as follows:
"(e) Failure to Prosecute. All actions in which it affirmatively appears that no action has been taken by filing of pleadings, order of court or otherwise for a period of one year shall be dismissed by the court on its own motion or on motion of any interested person, whether a party to the action or not, after reasonable notice to the parties, unless a party shows good cause in writing why the action should remain pending at least five days before the hearing on the motion.”
It is our opinion that the pleadings and order, recited above as having been filed during the period in question, precluded the court from entering the order appealed from dismissing the plaintiffs’ complaint as to the said four defendants. While it is true that the said pleadings and order pertained primarily to the defendant Rumsch, they may well have had a bearing upon the potential liability of the other four defendants. In any event, we think that, in view of the said pleadings and order, it cannot correctly be said that “no action” was taken during the said period.
The essence of the plaintiffs’ argument in this appeal is thus stated in their brief: “The defendants were joint tort feasors and action in the case was action in the case as to all.” We think that this is a sound statement as to the legal situation here.
Incidentally, there was additional activity in this cause during the year immediately preceding the entry of the order appealed from, for the defendant Rumsch filed an interlocutory appeal to this court from an order in this cause, the appellees being the plaintiffs and the other four defendants ; and this court reversed the order in an opinion reported in 218 So.2d 238 (1969). Our order was quashed by the Florida Supreme Court on November 25, 1969, as reported in 228 So.2d 904 (1969).
For the foregoing reasons we hold that the order appealed from should be, and it is, reversed; and this cause is remanded for further proceedings consistent with the views hereinabove expressed.
Reversed and remanded with directions.
WIGGINTON and SPECTOR, JJ., concur.