281 So.2d 522 (1973)
CITIZENS AND SOUTHERN BANK OF ATLANTA, a Foreign Corporation, Appellant,
v.
Ralph POPKIN, Appellee.
No. 73-603.
District Court of Appeal of Florida, Third District.
July 31, 1973.
Rehearing Denied September 12, 1973.
*523 Mershon, Sawyer, Johnston, Dunwody & Cole and Thomas Patrick Ford, Jr., Miami, for appellant.
Stephen S. Magill, Thornton & Sevier and John P. Wiederhold, Miami, for appellee.
Before PEARSON, HENDRY and HAVERFIELD, JJ.
PER CURIAM.
Defendant-appellant by interlocutory appeal seeks review of an order denying its motion to quash service of process made upon it and dismiss for lack of jurisdiction.
In March 1972, appellee, Ralph Popkin, filed against the appellant, Citizens and Southern Bank of Atlanta, a foreign corporation, a two count complaint alleging (1) that the bank slandered the plaintiff, and (2) converted to its own use and damaged his automobile. Substituted service of process was made upon Citizens and Southern Bank pursuant to F.S. § 48.181 F.S.A. Thereafter, appellant filed its motion to quash the service of process upon it and dismiss the complaint on the ground that it never had been engaged in business in the State of Florida and, therefore, was not amenable to substituted service of process under the provisions of law pursuant to F.S. § 48.181 F.S.A. In support of its motion, the bank submitted an affidavit executed by Merriell Autrey, Jr., its president, which averred that Citizens and Southern Bank of Atlanta is a Georgia corporation, that it is not now and never has been engaged in business in Florida. The affidavit further averred that in the course of its business, the Citizens and Southern Emory Bank made a loan to a Mr. Troy Gonsalves, the loan being fully executed in DeKalb County, Georgia. When said Gonsalves failed to make payment in accordance with the terms of the loan, the Citizens and Southern Emory Bank hired a Georgia corporation to repossess the 1967 Cadillac Coupe DeVille, bearing serial number J7163282, which secured the loan. In effecting this repossession, the Citizens and Southern Emory Bank did not engage in any business within the State of Florida. A hearing was held on the motion on October 19, 1972, but the trial judge reserved ruling thereon. On April 2, 1973 appellee filed in opposition to the appellant's motion a memorandum which for the most part reiterated the allegations contained in the complaint. In addition, plaintiff-appellee filed a motion to amend the complaint. However, no proof was adduced in opposition to the affidavit submitted in support of the bank's motion to quash service. A hearing was held thereon and on May 7, 1973 the trial judge granted plaintiff's motion to amend and denied defendant-appellant's motion to quash service of process and dismiss for lack of jurisdiction.
The burden of proof to invoke the application of a statute providing for substituted service of process in lieu of personal service of process is upon the one invoking its provisions. Wm. E. Strasser Const. Corp. v. Linn, Fla. 1957, 97 So.2d 458; *524 Zirin v. Charles Pfizer & Co., Fla. 1961, 128 So.2d 594; Florida Investment Enterprises, Inc. v. Kentucky Co., Fla.App. 1964, 160 So.2d 733; Williams v. Duval County Hospital Authority, Fla.App. 1967, 199 So.2d 299; Kastan v. Kastan, Fla.App. 1969, 222 So.2d 55; Eder Instrument Co. v. Allen, Fla.App. 1971, 253 So.2d 902; Youngblood et al. v. Citrus Associates of New York Cotton Exchange, Inc. et al., Fla.App. 1973, 276 So.2d 505.
From the allegations of fact contained in appellant's motion to quash the service upon it and the averments of fact contained in the affidavit of appellant's president, Mr. Autrey, Jr., it affirmatively appears that the appellant made a prima facie showing that it was not and is not now engaged in business or a business venture in the State of Florida within the meaning and intent of the statute authorizing substituted service of process on non-resident corporations and, therefore, it is not amenable to such service of process as was made by appellee Popkin to support the allegations of his complaint and to clearly show facts sufficient to sustain the propriety of the substituted service of process on the appellant. See Viking Superior Corporation v. W.T. Grant Company, Fla.App. 1968, 212 So.2d 331.
The record on appeal reflects that appellee submitted in opposition to appellant's motion to quash a memorandum which merely restated the allegations contained in the complaint rather than substantiating these allegations by affidavit containing statements of facts or other proof. See Young Spring & Wire Corp. v. Smith, Fla. 1965, 176 So.2d 903. By relying upon the base allegations, we find plaintiff to have failed to meet the burden of presenting a situation clearly justifying the use of a substituted service of process pursuant to Florida Statutes § 48.181, F.S.A. See Fawcett Publications, Inc. v. Brown, Fla.App. 1963, 146 So.2d 899.
For the reasons stated hereinabove, we hold it was error for the trial court to have denied appellant's motion to quash service of process and dismiss for lack of jurisdiction over the person. Accordingly, the order appealed from is reversed and the cause remanded with directions to grant appellant's motion to dismiss and to quash service of process.
It is so ordered.