309 So.2d 207 (1975)
The DUBLIN COMPANY, Appellant,
v.
PENINSULAR SUPPLY COMPANY, a Florida Corporation and McDowell Manufacturing Co., a Pennsylvania Corporation, Appellees.
No. 74-1776.
District Court of Appeal of Florida, Fourth District.
March 14, 1975.
*208 Jeffrey E. Streitfeld of Becker & Poliakoff, Miami Beach, for appellant.
William C. Frye of Trenam, Simmons, Kemker, Scharf & Barkin, Tampa, for appellee-McDowell Mfg. Co.
WALDEN, Judge.
This is an interlocutory appeal by plaintiff-appellant, whose complaint against the non-resident McDowell Manufacturing Co., defendant-appellee, was dismissed on grounds the court had no jurisdiction under F.S. 48.181 (1973) and F.S. 48.193 (1973) We reverse.
The pertinent statutory sections are:
"48.181 Service on nonresident engaging in business in state
"(1) The acceptance by ... all foreign corporations ... of the privilege extended by law to nonresidents and others to operate, conduct, engage in, or carry on a business or business venture in the state ... constitutes an appointment by the... foreign corporations of the secretary of state of the state as their agent on whom all process in any action or proceeding against them ... arising out of any transaction or operation connected with or incidental to the business or business venture may be served.
* * * * * *
"(3) Any person, firm or corporation which sells, consigns, or leases by any means whatsoever tangible or intangible personal property, through brokers, jobbers, wholesalers or distributors to any person, firm or corporation in this state shall be conclusively presumed to be operating, conducting, engaging in or carrying on a business venture in this state."
"48.193 Acts subjecting persons to jurisdiction of courts of state
"(1) Any person, whether or not a citizen or resident of this state, who personally or through an agent does any of the acts enumerated in this subsection thereby submits that person and, if he is a natural person, his personal representative to the jurisdiction of the courts of this state for any cause of action arising from the doing of any of the following:
"(a) Operates, conducts, engages in, or carries on a business or business venture in this state... .
* * * * * *
"(g) Breaches a contract in this state by failing to perform acts required by the contract to be performed in this state... ."
Defendant first urges that plaintiff did not sustain its jurisdictional claims by affidavits containing statement of material fact or other proof after defendant had challenged the jurisdiction by affidavit. It has been held that when jurisdiction has been challenged by affidavit or other competent evidence, plaintiff must sustain its claims by affidavit or other proof and not just by reiteration of the complaint. Atlas Aircraft Corp. v. Buckingham, 302 So.2d 163 (4th D.C.A.Fla. 1974); Henschel-Steinau Co. v. Harry Schorr, Inc., 302 So.2d 198 (4th D.C.A.Fla. 1974); Nichols v. Seabreeze Properties, Inc., 302 So.2d 139 (3d D.C.A.Fla. 1974); Citizens & Southern Bank of Atlanta v. Popkin, 281 So.2d 522 (3d D.C.A.Fla. 1973); Hydronaut, Inc. v. Litton Systems, Inc., 208 So.2d 494 (3d D.C.A.Fla. 1968):
"[T]he plaintiff must substantiate the jurisdictional allegations of his complaint *209 by affidavits containing statements of material fact or by other proof." (Emphasis omitted.) Id. at 495.
These cases, however, require such response by plaintiff when the defendant has adequately challenged jurisdiction; Atlas Aircraft v. Buckingham, supra, 302 So.2d at 164:
"The motion to dismiss and the evidence adduced in the sworn affidavit in support thereof established a prima facie showing that the defendant's conduct and actions did not make it amenable to service of process... . Upon such a showing the burden shifted to the plaintiff to support the allegations of its complaint by way of evidence in opposition to the affidavit... ." (Emphasis added.)
Citizens and Southern Bank of Atlanta v. Popkin, supra, 281 So.2d at 524:
"From the allegations of fact contained in appellant's motion to quash the service upon it and the averments of fact contained in the affidavit of appellant's president, Mr. Autrey, Jr., it affirmatively appears that the appellant made a prima facie showing that it was not and is not now engaged in business or a business venture in the State of Florida within the meaning and intent of the statute authorizing substituted service of process on non-resident corporations process on non-resident corporations... ."
The defendant here did not make a prima facie showing of the inapplicability of the Florida long arm statute, but, in fact, it is undisputed that:
(1) defendant corporation sold epoxy-coated fittings to Peninsular Supply Co., a Florida corporation doing business in Florida, which in turn sold them to plaintiff and,
(2) the president of defendant corporation met with plaintiff concerning replacement of these fittings which proved to be defective.
That such a meeting took place must be taken as true as defendants did not dispute the occurrence, but in fact claimed any contract so discussed was invalid for lack of consideration.
The president of defendant company presented an affidavit stating that no jurisdiction attached, which read in part
"(3) THE McDOWELL MANUFACTURING COMPANY makes isolated sales to three (3) customers within the State of Florida, who are independent of THE McDOWELL MANUFACTURING COMPANY. These customers are Peninsular Supply Co. of Lakeland, Florida; Fields Equipment Company of Winter Haven, Florida; and Southern Equipment Company of Orlando, Florida. There exists no agency relationship between THE McDOWELL MANUFACTURING COMPANY and these customers do not in any respect represent or act as the agent for THE McDOWELL MANUFACTURING COMPANY.
"Sales of THE McDOWELL MANUFACTURING COMPANY products to these Florida customers have not exceeded, from the average, $13,000 per annum for the past five (5) years."
This supposedly self-serving statement is, in fact, proof that appellee has sold its products to distributors in Florida for at least five years, and grossed thereby at least $13,000 per year. It is proven by defendant, by its own statement, that it received a pecuniary benefit from the transactions. That is evidence of "doing business" under F.S. 48.181 (1973), DeVaney v. Rumsch, 228 So.2d 904 (Fla. 1969). Although one act alone within the state viewed in light of surrounding circumstances, can cause jurisdiction to attach, Horace v. American Nat'l Bank & Trust Co. of Ft. Lauderdale, 251 So.2d 33 (4th *210 D.C.A.Fla. 1971), the affidavit states there were several acts here. The defendant not having made a showing that jurisdiction should not attach under the Florida long arm statute, the plaintiff was under no burden to present counter affidavits in addition to its complaint.
Defendant contends F.S. 48.181(3), supra, did not apply, claiming a distinction between selling "to" distributors and selling "through" them. However, defendant's representative came to Florida to see plaintiff about the products plaintiff had bought; defendant's interest in its product extended through the distributor to the ultimate purchaser. We find the requirements of F.S. 48.181(3), supra, were fully met for jurisdiction to attach.
Defendant argued further that any alleged contract between it and plaintiff could not support a finding of jurisdiction under F.S. 48.193(1)(a) and (g), supra, on the ground there was no consideration for such a contract. Although defendant had filed a motion to dismiss the portion of plaintiff's complaint which claimed contract on the ground there was no consideration, the trial court dismissed on the ground of no jurisdiction. Defendant has indicated that at least something occurred upon which appellant might attempt a claim in contract. We hold the occurrence applies under F.S. 48.193(1)(g) to give the trial court jurisdiction over the defendant to consider, among other items of the complaint, the validity of the claimed contract. We make no decision upon the validity of the contract; that consideration remains the sole prerogative of the trial court at this stage of the proceeding.
We hold that F.S. 48.181 and 48.193 (1973) apply to render appellee subject to jurisdiction. These statutes are drawn so that compliance with the requirements thereunder will more than satisfy the due process requirement of minimum contacts enunciated in International Shoe Co. v. State of Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945). Youngblood v. Citrus Assoc. Of N.Y. Cotton Exchange, Inc., 276 So.2d 505 (4th D.C.A.Fla. 1973).
In Horace v. American Nat'l Bank and Trust Co. of Ft. Lauderdale, supra, the court set out the criteria it culled from McGee v. Int'l Life Ins. Co., 355 U.S. 220, 78 S.Ct. 199, 2 L.Ed.2d 223 (1957) and Hanson v. Denckla, 357 U.S. 235, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958), for determining the outer limits of in personam jurisdiction:
"First, the defendant must purposefully avail himself of the privilege of acting in the forum state or causing a consequence in the forum state; second, the cause of action must derive from the defendant's activities there; third, the acts of the defendant or consequences caused by the defendant must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable." 251 So.2d at 36.
It is the combination of this defendant's past sales to distributors and the visit by defendant's president to discuss with plaintiff the product sold that provides the "minimum contacts" necessary to satisfy the statutory test, and therefore the constitutional tests, for in personam jurisdiction. See Bayitch, Conflict of Laws, 26 U.M.L.Rev. 10, 14 (1971).
We reverse the trial court order of dismissal with respectful directions to reinstate the plaintiff's complaint.
Reversed.
OWEN, C.J., and MAGER, J., concur.