403 So.2d 472 (1981)
Robin L. MILLER and Lynda A. Miller, Individually and As Husband and Wife, Appellants,
v.
Richard E. MARRINER and Grain Dealers Mutual Insurance Company, a Foreign Corporation, Appellees.
No. 81-125.
District Court of Appeal of Florida, Fifth District.
August 12, 1981.
Rehearing Denied September 15, 1981.
*473 Herbert H. Hall, Jr., of Maher, Overchuck, Langa & Cate, Orlando, for appellants.
Ronald L. Harrop of Gurney, Gurney & Handley, P.A., Orlando, for appellees.
COBB, Judge.
The appellants, Robin and Lynda Miller, husband and wife, were involved in an automobile accident in Orange County, Florida, in 1979 with the appellee Richard Marriner, and filed a negligence complaint against him and his insurance carrier, Grain Dealers Mutual Insurance Company (hereinafter referred to as GDM).
The complaint alleged, inter alia, that GDM "was and is a foreign corporation authorized to and issuing liability insurance policies and at the time of the occurrence alleged herein had issued a liability insurance policy to the Defendant ..." It was *474 further alleged that the policy was in effect on the date of the accident.
The plaintiffs attempted to obtain in personam jurisdiction over GDM pursuant to sections 48.181 and 48.151(5), Florida Statutes (1979). The plaintiffs served their complaint by mail upon the Florida Secretary of State. GDM moved to quash the service of process on three grounds: (1) lack of jurisdiction of the person; (2) insufficiency of process; and (3) insufficiency of service of process. This motion, dated June 3, 1980, asserted as the substantial matter of law to be argued[1] only one item:
There are insufficient allegations of ultimate fact in Plaintiffs' Complaint to show that this Defendant, a foreign corporation, is subject to the jurisdiction of a Florida court.
A hearing was held on this motion and on September 24, 1980, the trial court denied defendants'[2] motion to strike dated May 2, 1980, and defendants' motion to quash dated June 3, 1980. If GDM joined in a motion to strike which preceded its attack on in personam jurisdiction, that action would have constituted a general appearance which waived the issue. Royal Industries, Inc. v. Birdsong, 340 So.2d 526 (Fla. 1st DCA 1976), cert. denied, 351 So.2d 408 (Fla. 1977). That point has not been raised on this appeal, and the contents of the May 2nd motion to strike are not before us, so we cannot resolve the present issue on the rationale of Birdsong.
On September 26, 1980, the defendant GDM filed its answer admitting the existence and applicability of its policy as alleged, but affirmatively asserting that the trial court
lacks jurisdiction over the person of this Defendant since this Defendant is a foreign corporation engaged in the underwriting of automobile liability insurance policies in jurisdictions other than the State of Florida and the policy of automobile liability insurance issued to the Defendant, Richard E. Marriner, was issued in the State of North Carolina and delivered therein.
On November 19, 1980, GDM filed an affidavit in support of its defense of lack of personal jurisdiction and noticed the motion for hearing. At the hearing on December 23, 1980, GDM made an ore tenus motion to file a "renewed motion to quash." This request was granted and the motion was filed on December 24, 1980. A hearing was held on that motion and, on January 22, 1981, the trial court granted the motion to quash service of process on GDM. That order is here appealed by the plaintiffs.
Since GDM raised the defense of jurisdiction over the person by preliminary motion, which was ruled upon by the trial court, it could not also raise the defense in its responsive pleading. Florida Rule of Civil Procedure 1.140(b) states:
Defenses.
.....
(b) How Presented. Every defense in law or fact to a claim for relief in a pleading shall be asserted in the responsive pleading, if one is required, but the following defenses may be made by motion at the option of the pleader: (1) lack of jurisdiction over the subject matter, (2) lack of jurisdiction over the person, (3) improper venue, (4) insufficiency of process, (5) insufficiency of service of process, (6) failure to state a cause of action, (7) failure to join indispensable parties. A motion making any of these defenses shall be made before pleading if a further pleading is permitted. The grounds on which any of the enumerated defenses are based and the substantial matters of law intended to be argued shall be stated specifically and with particularity in the responsive pleading or motion. Any ground not stated shall be deemed to be waived except any ground showing that the court lacks jurisdiction of the subject matter may be made at any time. No *475 defense or objection is waived by being joined with other defenses or objections in a responsive pleading or motion. If a pleading sets forth a claim for relief to which the adverse party is not required to serve a responsive pleading, he may assert any defense in law or fact to that claim for a relief at the trial except that the objection of failure to state a legal defense in an answer or reply shall be asserted by motion to strike the defense within 20 days after service of the answer or reply. [Emphasis added].
The first step which a defendant takes in a case, whether it be the filing of a preliminary motion or a responsive pleading, must raise the issue of personal jurisdiction or that issue is waived. Those defenses which may be subsequently raised under Rule 1.140(h)(2) do not include jurisdiction of the person. The rule quoted above clearly prohibits a motion raising this issue after pleading. See Trawick's Florida Practice & Procedure § 10-1 at page 22 (1979).
In the instant case, GDM had two options after its motion in regard to in personam jurisdiction was denied on September 24, 1980: it could have filed an appeal of a non-final order within thirty days (Fla.R.App.P. 9.130), or it could have appealed this issue after rendition of final judgment (Fla.R.App.P. 9.010). See Robinson v. Loyola Foundation, Inc., 236 So.2d 154 (Fla. 1st DCA 1970). Instead, it attempted to again raise the jurisdictional issue before the trial court in contravention of the Rules of Civil Procedure.
GDM argues that its June 3rd motion to quash (which technically should have been a motion to abate) challenged only the legal sufficiency of the complaint's allegata in regard to personal jurisdiction, whereas its November motion attacked the factual basis of such jurisdiction. This is specious: the issue cannot be bifurcated even though it could have been originally raised and heard on two points of law rather than merely one had the motion so designated with specificity and particularity as required by Florida Rule of Civil Procedure 1.140(b). As pointed out in Elmex Corp. v. Atlantic Federal Savings & Loan Ass'n., 325 So.2d 58 (Fla. 4th DCA 1976):
It is plaintiff's burden to plead (present) facts which clearly justify as a matter of law the applicability of the substituted service statutes in order to meet a legal challenge to such service. Young Spring & Wire Corp. v. Smith, supra [Fla. 1965, 176 So.2d 903]; American Baseball Cap, Inc. v. Duzinski, Fla.App. 1975, 308 So.2d 639. It is also plaintiff's burden (at some stage of the proceedings) to prove the allegations warranting the application of the substituted service statute in order to overcome a competent challenge to such service. See Henschel-Steinau Company v. Harry Schorr, Inc., Fla.App. 1974, 302 So.2d 198.
There are, therefore, two separate and distinct considerations (or burdens to be carried) in the determination of the applicability of the substituted service statute: (1) the legal sufficiency of the pleadings; (2) the legal sufficiency of the proof.

* * * * * *
It may be unnecessary for the defendant to do anything more than file a simple (unsupported) motion where the allegations of the complaint are legally insufficient. See Lyster v. Round, Fla.App. 1973, 276 So.2d 186; Lake Erie Chemical Company v. Stinson, Fla.App. 1964, 162 So.2d 545; Nichols v. Seabreeze Properties, Inc., Fla.App. 1974, 302 So.2d 139; cf. Faweett Publications, Inc. v. Brown, Fla. App. 1962, 146 So.2d 899. However, a complaint may present jurisdictional facts which (when deemed admitted for the purposes of the motion) would be sufficient to withstand such motion.
* * * * * *
A defendant seeking to inject factual matters which do not appear on the face of the record is required to support the motion to dismiss with an affidavit, deposition or other proof. See Viking Superior Corporation v. W.T. Grant Company, supra [Fla.App. 1968, 212 So.2d 331]. If the supporting proof reflects facts in opposition to or in contravention of those *476 matters contained in the complaint the issue becomes then "one of proof" with the burden shifting to the plaintiff to clearly show by competent proof that the allegations of the complaint justify the application of the long-arm statute. [Emphasis in the original].
Elmex does not contemplate two separate motions separated chronologically, but separate bases, one legal and one factual, for the same motion. That motion in the instant case was filed on June 3, 1980, and ruled upon on September 24, 1980, by the trial court, whether correctly or incorrectly. That ended the matter below, short of appeal. No rule or statute provides for a "renewed motion to quash" on the issue of personal jurisdiction of a defendant subsequent to the filing of that defendant's responsive pleading.
The order of the trial court entered on January 22, 1981, is reversed and this cause remanded for further proceedings consistent with this opinion.
REVERSED and REMANDED.
ORFINGER and FRANK D. UPCHURCH, Jr., JJ., concur.
NOTES
[1] See Rule 1.140(b), Fla.R.Civ.P.
[2] The trial court's order referred to the defendants in the plural relative to the motion to strike of May 2, 1980, and the complaint named only two defendants: Marriner and GDM.