112 So.2d 905 (1959)
James L. CUNNINGHAM and his wife, Helen M. Cunningham, Appellants,
v.
STATE PLANT BOARD OF FLORIDA, a body corporate under the Laws of the State of Florida, et al., Appellees.
No. 774.
District Court of Appeal of Florida. Second District.
June 3, 1959.
Rehearing Denied June 29, 1959.
Henry L. Jollay, Winter Haven, for appellants.
Richard W. Ervin, Atty. Gen., Ralph E. Odum, Asst. Atty. Gen., Allan F. Milledge, Sp.Asst. Atty. Gen., for appellees.
SMITH, CULVER, Associate Judge.
This is an appeal from a judgment entered by the Court below dismissing appellants' Complaint, which was filed on September 5, 1957. By their Complaint, appellants brought an action in tort against the appellees whom they charged with entering a citrus grove belonging to appellants, and pulling all of the trees from approximately 10 acres in accordance with the Plant Board's program for control of the burrowing nematode. It was alleged that the entry took place on September 11, 1956, over the protest of appellants, and that the trees which were pulled bore a normal crop. It was further alleged in the Complaint that none of the trees destroyed were infested, or, that if any were infested, they were few in number. Appellants then set forth their allegations of damage totaling $40,000. These elements are the value of the trees, the value of the crop, the cost of setting out a new grove, and loss of profits by reason of nonproduction until new trees matured. Appellees filed a Motion to Dismiss which was granted.
*906 In this appeal, appellants list three points upon which they rely for reversal. They are the following:
"I. Can a suit be maintained against the State Plant Board of Florida for the value of property of the plaintiffs taken by the Board in pursuance of its program to erdicate `slow decline' in the citrus groves of the State of Florida without a hearing over the protests of the owners, and without payment, or the offer of payment, for the property taken?
"II. Can a suit be maintained against the members of the Plant Board, their officers, agents and employes individually, for the value of the property taken?
"III. Is Chapter 57-365, Acts of the Legislature of 1957, a constitutional exercise of power binding upon the plaintiffs, whose cause of action accrued in September, 1956?"
Due to developments occurring since appellants' cause of action arose, we believe that their third point should be considered initially because it controls, to a large extent, the other two. At the time this cause of action arose the appellees were operating under regulations they had promulgated to effectuate and carry out the provisions of Chapter 29878, Laws of 1955, F.S.A. § 581.15. Thereafter, in January, 1957, by its decision in the case of Corneal v. State Plant Board, Fla., 95 So.2d 1, the Supreme Court of Florida granted an injunction against the destruction of healthy trees under the Board's program. It is to be noted that the decision in the Corneal case was rendered after the performance of the acts of which appellants complain. In its next session, the legislature adopted Chapter 57-365, Laws of 1957 (§ 581.17 (2), Fla.Statutes, F.S.A.). The preamble of this Act makes direct reference to the Supreme Court's holding in the Corneal case. Chapter 57-365 directs the Board to carry out a compulsory program, both as to infested and non-infested trees, provides for reasonable compensation not to exceed $1,000 per acre for the destruction of trees which are not infested, but provides that no compensation shall be paid for the destruction of infested trees. It further provides that the State Plant Board shall determine the amount of compensation to be paid, and that payment is to be made upon written application of the grove owner. The Act also provides for a hearing to be given any dissatisfied owner, and for an appeal from the decision of the Board to the Circuit Court. Chapter 57-365 became a law in June, 1957, after appellants' claim vested, but prior to the filing of their Complaint.
In arguing Point III appellants urge that the right to receive just compensation for the destruction of their property became vested when their trees were removed; that the legislature could enact no law retroactively binding upon them which diminished or destroyed their rights to such compensation, or which imposed upon them a new obligation or duty. Appellees, on the other hand, take the position that Chapter 57-365 is clearly procedural or remedial in nature and therefore applicable to appellants.
In 50 American Jurisprudence, Statutes, Section 482, page 505, it is stated:
A retrospective law, in a legal sense, is one which takes away or impairs vested rights acquired under existing laws, or creates a new obligation and imposes a new duty, or attaches a new disability, in respect of transactions or considerations already past. Hence, remedial statutes, or statutes relating to remedies or modes of procedure, which do not create new or take away vested rights, but only operate in furtherance of the remedy or confirmation of rights already existing, do not come within the legal conception of a retrospective law, or the general rule against the retrospective operation of statutes."
*907 An examination of Chapter 57-365 would give rise to doubt as to its nature as being procedural, or an act dealing with vested rights. Fortunately these doubts have been resolved by the Supreme Court of Florida in the case of State Plant Board v. Smith, Fla., 110 So.2d 401, 409. The opinion was filed March 25, 1959, which was after the argument of the present case on appeal. In State Plant Board v. Smith, the Supreme Court held:
"`not to exceed $1,000.00 per acre' in the third paragraph of § 2 of the Act, and the sixth paragraph of § 2, prohibiting the payment of compensation for infested trees, are invalid and of no effect; and that, insofar as the Act may be interpreted as authorizing the summary destruction of citrus trees without an opportunity to be heard prior to such destruction, it is invalid, as are the Board's Rules so interpreting it. The remainder of the Act is valid and effective."
By holding invalid the portions of Chapter 57-365 relating to limitation of compensation, prohibition of payment for infested trees, and the authorization for summary destruction, while declaring the remainder of the Act to be valid, the Court has left only the procedural and remedial provisions in effect. The provisions against which appellants complain are void and the remaining ones, which do not deal with vested rights, apply to them.
Having reached this conclusion, appellants' Points I and II are easily answered. The legislature, by Chapter 57-365, has provided a method for seeking redress, which applies to appellants, and which they must follow.
The Court below entered the following Judgment:
"It is considered and ordered that the said motion to dismiss the complaint filed herein be and said motion is hereby granted, and said complaint is hereby dismissed, without prejudice however against the plaintiffs to pursue such remedy as they may have under Chapter 57-365, Laws of Florida, 1957, on account of the matters complained of in their complaint."
For the reasons set out herein, we hold that the Court below properly entered this judgment.
Affirmed.
KANNER, C.J., and SHANNON, J., concur.