WALDEN, Chief Judge.
Appellant, defendant in the trial court, brings this interlocutory appeal from an order denying defendant’s motion to quash service of process. This court is asked to reverse the trial judge’s order denying defendant’s motion to quash service of process because F.S.A. § 47.162, (1965) did not provide for service upon non-resident aircraft owners and operators at the time of the injury complained of.
Appellee, plaintiff below, brought a suit for personal injuries alleging negligent operation of an airplane operated by the defendant. At the time the alleged accident occurred, February 11, 1965, F.S.A. § 47.-162 did not cover aircraft. This section was amended by the legislature in 1965 to include the word “aircraft”, which amendment became effective October 1, 1965, some seven months subsequent to the accident.
The amendment to F.S.A. § 47.-162, is of the kind characterized by the court in Heberle v. P. R. O. Liquidating Company, Fla.App. 1966, 186 So.2d 280, as being of a .remedial or procedural nature. This being so, it might be applied retroactively under authority of Cunningham v. State Plant Board, Fla.App.1959, 112 So.2d 905 (cert. denied Fla.1959, 115 So.2d 701) if it would “only operate in furtherance of the remedy or confirmation of rights already existing * *
In Heberle, supra, the court was asked to apply F.S.A. § 47.16, retroactively. F.S. A. § 47.16 provided for service upon the Secretary of State as agent for a foreign corporation doing business in Florida. The only possible pre-existing remedy considered was F.S.A. § 48.02, which provided for constructive service of process by publication upon foreign corporations engaged in business within the state. Judge Rawls, speaking for the court, determined that the service of process upon the Secretary of State as prescribed in F.S.A. § 47.16 could not be said to be in furtherance of an existing remedy because the methods of service provided in these two statutes (F.S.A. § 48.02 and F.S.A. § 47.16) differed.
In view of the Heberle decision, how can we go further and say that F.S.A. § 47.162 is in furtherance of a pre-existing remedy when there was no method of service previously provided? We cannot. The factual circumstances in the Heberle case were stronger in favor of finding a pre-existing remedy than are those in the instant case. Yet none was found. We believe, therefore, that we are obligated to find no preexisting remedy in the instant case and so must deny retroactive application to F.S.A. § 47.162.
Reversed.
ANDREWS, J., and LILES, WOODIE A., Associate Judge, concur.