222 So.2d 55 (1969)
Michael KASTAN, Appellant,
v.
Martin KASTAN and General Investment Ab, a Corporation Organized under the Laws of Sweden, Appellees.
No. 68-877.
District Court of Appeal of Florida. Third District.
April 22, 1969.
Rehearing Denied May 21, 1969.
Shutts & Bowen and Herbert L. Nadeau, Miami, for appellant.
Scott, McCarthy, Steel, Hector & Davis and Phillip Goldman, John P. Mudd and Wayne L. Allen, Miami, for appellees.
Before CHARLES CARROLL, C.J., and BARKDULL and HENDRY, JJ.
*56 HENDRY, Judge.
Plaintiff, Michael Kastan, a non-resident of Florida and a citizen of Sweden, has taken this interlocutory appeal from an order of the circuit court dismissing his complaint and quashing service of process as to the non-resident defendants, Martin Kastan, Paula Altschul and General Investment AB.
The sworn complaint alleges that defendant Martin Kastan was the brother of the plaintiff and that General Investment AB was a corporation organized under the laws of Sweden, and that Paula Altschul held all of the stock in the corporation as trustee for plaintiff and defendant, Martin Kastan. The complaint continues that through the efforts of the plaintiff, a franchise contract was negotiated and entered into between General Investment AB and defendant, The Mackle Brothers Division, Deltona Corporation, a Delaware Corporation. The franchise agreement authorized General Investment AB, to sell Florida properties in the countries of Sweden, Norway and Finland. Plaintiff further alleges that General Investment AB had been paid, under the franchise agreement, the sum of $58,000 in commissions and that it has earned an additional sum of $57,000 which Deltona Corporation is holding for General Investment AB.
Plaintiff further alleges that he has been at all times a fifty-fifty partner with his brother Martin Kastan, in the ownership and control of General Investment AB, and that the corporation was merely an instrumentality to carry into effect the joint venture of the parties as to the franchise agreement with Deltona Corporation for the sale of land to persons within the Scandinavian countries. There is also an allegation that Martin Kastan was the equitable owner of two lots at Marco Island, Florida, which he was purchasing from Deltona.
The complaint prayed that the court grant the following relief: issue an injunction against Deltona Corporation with respect to payment of commissions allegedly earned by the plaintiff; render a declaration of defendant's rights in General Investment AB which would require the corporation to deliver the stock claimed by plaintiff, or, in the alternative, determine that the franchise agreement is an asset of the partnership or joint venture existing between the plaintiff and his brother, Martin Kastan; require General Investment AB and Deltona Corporation to account to the plaintiff for his interest in the uncollected commissions earned by General Investment AB; and finally, order those companies to pay such interest over to plaintiff, or, in the alternative order that plaintiff be given a lien on Martin Kastan's equitable interest in Florida lands being purchased by him from Deltona.
The complaint further alleged that Martin Kastan and General Investment AB are engaged in business or a business venture in the State of Florida and that they are both amenable to process under Chapter 48 of the Florida Statutes, F.S.A.
Service of process on the non-resident defendants was attempted by serving the Secretary of State in accordance with Section 48.181, supra.
The non-resident defendants moved to dismiss the complaint on the grounds that they had not been properly served with process; that the court lacked jurisdiction over the person of these defendants; that the service of process was deficient; and that the court lacked jurisdiction over the subject matter.
The trial court heard the motion and considered the facts as shown by the pleadings and exhibits before him and thereupon ruled that the court lacked jurisdiction over the person, holding that the substituted service of process on the non-resident defendants should be quashed and the cause dismissed as to these defendants.
It is from this order that the plaintiff below has appealed. He offers two *57 grounds upon which to predicate his argument that the several defendants below were amenable to substituted service of process. The first of these grounds is that Michael Kastan, acting in his individual capacity, entered into a contract of sale with the Deltona Corporation in order to purchase two lots of property on Marco Island, Florida. We do not view this fact as having any bearing on the issues on appeal. Rather, with regard to appellant's allegations that commissions he was entitled to were wrongfully withheld, we are concerned with the business activities of General Investment AB, which is the corporate vehicle through which the withheld funds were obtained.
Appellant's second ground deals with the corporation's activities, and presents this question: Whether a foreign corporation, which has entered into a franchise agreement with a Florida land developer for the sale in foreign countries of lands within the state of Florida under installment sales contracts, is engaged in a business venture in the State of Florida so as to make it amenable to service of process under the "long arm" statute (Ch. 48 Fla. Stat. F.S.A.)? We hold that such a foreign corporation is not amenable to the long-arm statute.
Section 48.181, supra, provides for substituted service of process upon the Secretary of State for non-residents who operate, conduct, engage in, or carry on a business or business venture in Florida when the cause of action arises out of any transaction or operation connected with such business or business venture. Such statute must be strictly construed, and the burden of presenting a situation that clearly justifies its application is upon the one attempting to invoke the long arm statute's provisions. Jenkins v. Fawcett Publications, Inc., 204 F. Supp. 361 (D.C.Fla. 1962); Young Spring & Wire Corp. v. Smith, Fla. 1965, 176 So.2d 903. Stated with particularity as to the facts before us, the main point on appeal is whether the alleged partnership or joint venture between Michael Kastan and Martin Kastan, as embodied in the corporate vehicle of General Investment AB, involved minimal business contacts with the State of Florida so as to make either Martin Kastan or General Investment amenable to substituted service. We have carefully reviewed the record, and conclude that no showing of such minimal business contact has been made.
General Investment's main asset is its franchise contract with Mackle Bros. Division, The Deltona Corporation, wherein arrangement is made for General Investment AB to act as sales agent in several Scandinavian countries. General Investment AB performs the function of selling certain Florida properties (owned by Deltona) to Scandinavian citizens. The conditions of these sales are set forth in the franchise contract which basically contains the terms of compensation, and additional provisions meant to secure General's compliance with the regulations of the Florida Installment Land Sales Board. In return for obtaining these sales, General Investment AB is to receive a commission. The actual sales are solicited, financed, and transacted in Scandinavia; the buyers, according to the franchise contract, may only be Scandinavian citizens; the corporate vehicle for this venture, General Investment AB, is a corporation organized under the laws of Sweden and neither owns nor has any interest in real property situated in Florida; Martin Kastan is a Swedish citizen.
Thus, the above stated facts indicate to us that the mere fact that the subject property is located within the State of Florida cannot in and of itself make either General Investment AB, or Martin Kastan individually, amenable to substituted service of process. The classic case of International Shoe Company v. State of Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95, gives broad leeway for the several states to determine which activities must be present in order to constitute "certain minimum *58 contacts with (the state) such that the maintenance of the suit does not offend `traditional notions of fair play and substantial justice.'" Moreover, this court has recognized, in the case of Teeby Realty Corporation v. Gasway Corporation, Fla. App. 1965, 181 So.2d 31, that each case questioning the requisites as to substituted service of process must turn on its own facts. See also Wm. E. Strasser Const. Corp. v. Linn, Fla. 1957, 97 So.2d 458. Upon the facts before us, we are compelled to hold that the order being appealed was correct and should be affirmed.
Affirmed.