Abner Wynn GORDON, Plaintiff,

v.

The JOHN DEERE COMPANY, a corporation, John Deere Company of St. Louis, a Missouri corporation, John Deere Company of Baltimore, a Maryland corporation, and Deere and Company, a corporation, Defendants.

No. PCA 2097.

United States District Court,
N. D. Florida,
Pensacola Division.

Dec. 8, 1970.

Roderic Magie, Pensacola, Fla., for plaintiff.

William H. Clark, Pensacola, Fla., for defendants.

## ORDER

ARNOW, Chief Judge.

This cause is before the Court on motion of Defendants, DEERE AND COM-PANY and JOHN DEERE COMPANY OF BALTIMORE, to dismiss for lack of jurisdiction and insufficiency of process and service of process.

The complaint alleges that on or about July 19, 1965, the Plaintiff was injured by a tractor and pan, commonly called a scraper unit, which unit was defective in that it was not equipped with proper safety devices. The unit was manufactured by Deere and Company, a Delaware corporation, at Moline, Illinois, and shipped to Shelton-Witt Equipment Corporation, Lynchburg, Virginia, by order of John Deere Company of Baltimore, a Maryland corporation, a subsidiary of Deere and Company, and a distributor of Deere products. Shelton-Witt, a retail John Deere dealer, subsequently sold the unit to Wiley N. Jackson Company of Roanoke, Virginia, such sale taking place in Virginia. Jackson later transported the unit to Escambia County, Florida, where it was in use by employees of that company on the date of the accident.

Deere and Company is not qualified to do business in Florida. Prior to July, 1967, John Deere Company of St. Louis, a Missouri corporation and a subsidiary of Deere and Company, was the distributor for all Deere products in Florida. Since that date, it has distributed Deere industrial products at wholesale to retail dealers in Florida and John Deere of Baltimore has similarly distributed Deere industrial products in Florida. Thus, at the time of the accident, John Deere of Baltimore was not distributing any products in Florida. None of the defendants had any connection with Wiley N. Jackson Company, and after the sale to Jackson, none had any control over the unit or its subsequent transportation and use.

Service of process was effected on John Deere of St. Louis by serving an officer of the company in Jacksonville, Florida, Plaintiff being under the impression at that time that it was the distributor of the scraper in question. Substituted service was attempted on Deere and Company under F.S. §§ 48.161

and 48.181, F.S.A., Florida's "long arm" statutes. Subsequently, it was discovered that John Deere of Baltimore was the distributor, and service was attempted on it under the same statutes.

Defendant bases his motions on the grounds that Deere and Company and John Deere of Baltimore are not subject to service of process under F.S. §§ 48.-161 and 48.181, F.S.A. and that these sections are not applicable to actions in tort.

█ The weight of authority supports the view that in diversity cases, state law determines whether a corporation is amenable to process within the state; if so, then federal law is considered in determining whether the state law meets federal standards. 2 Moore, Federal Practice ¶ 4.25[1], page 1146; 1 Barron & Holtzoff, Federal Practice and Procedure § 179, pages 696, 697; Arrowsmith v. United Press International, 320 F.2d 219 (2 Cir. 1963), Annot. 6 A. L.R.3d 1103, 1109; Stanga v. McCormick Shipping Corp., 268 F.2d 544 (5 Cir. 1959). A review of the decisions of the Florida courts discloses it has been consistently held that, to obtain jurisdiction under the "long arm" statutes over a foreign corporation not qualified to do business in Florida, it must be shown the cause of action arose out of a transaction or operation connected with or incidental to the activities of the foreign corporation in Florida. De-Vaney v. Rumsch, 228 So.2d 904 (Fla. 1969); Kastan v. Kastan, 222 So.2d 55 (Fla.App.1969); Manus v. Manus, 193 So.2d 236 (Fla.App.1966); Confederation of Canada Life Ins. Co. v. Vega y Arminan, 144 So.2d 805 (Fla.1962). A similar construction has been placed on the Florida statutes by the federal courts. Donnelly v. Kellogg Co., 293 F. Supp. 53 (S.D.Fla.1968); Federal Insurance Co. v. Michigan Wheel Co., 267 F. Supp. 639 (S.D.Fla.1967). This is so even though the corporation sells products in Florida through a distributor and, thus, under F.S. § 48.181(3), F.S. A., would be presumed to be doing business in Florida. Donnelly v. Kellogg

Co., supra. "Long arm" statutes are to be construed in favor of the defendant, and the burden of proof is on the plaintiff to show legality of the service. Kastan v. Kastan, supra; Young Spring and Wire Corp. v. Smith, 176 So.2d 903 (Fla.1965).

█ Applying the decisions cited above to the facts of the present case, it cannot be said that the cause of action arose out of a transaction or operation connected with or incidental to the activities of either Deere and Co. or John Deere of Baltimore in Florida, and, therefore, jurisdiction over these defendants could not be obtained under F.S. §§ 48.161 and 48.181, F.S.A.

█ Plaintiff contends that F.S. § 48.-182, F.S.A., passed by the Florida legislature in 1970, is to be applied retroactively to cover the situation in question here. This section provides for service on nonresidents committing a wrongful act outside the state which causes injury within the state. In general, if a statute is of a kind characterized as being merely remedial or procedural in nature, it may be applied retroactively, provided it would only operate in furtherance of a remedy or confirmation of a right already existing. However, if a law creates a new obligation, imposes a new duty, or attaches a new disability, it falls within the rule that, in the absence of positive legislative expression, such a statute is presumed to operate prospectively only. Cunningham v. State Plant Board, 112 So.2d 905 (Fla.App.1959), cert. den. 115 So.2d 701 (Fla.1959); Heberle v. P.R.O. Liquidating Co., 186 So. 2d 280 (Fla.App.1966); Meier v. Grimes, 202 So.2d 870 (Fla.App.1967).

█ The "long arm" statutes in a number of jurisdictions have been held to operate retrospectively. See Annot. 19 A.L.R.3d 131. With reference to the Florida statutes, it has been held that an amended statute could not be considered procedural and could not operate retrospectively when there was no pre-existing remedy, either because there was no previous method of service provided, or

because the methods of service differed. Meier v. Grimes, supra; Heberle v. P.R. O. Liquidating Co., supra. In Grammer v. Roman, 174 So.2d 443 (Fla.App.1965), an amendment to a statute extending the remedies therein to third parties dealing with trustees under certain deeds of trust was held to be remedial in nature, and therefore could operate retrospectively. However, that amendment expressly provided that it was to be remedial. F.S. § 48.182, F.S.A. contains no such provision, and does not operate in furtherance of a pre-existing remedy, but rather operates to create a new remedy. Thus it falls within the proscription against retrospective operation. In addition, "* * * the authorities are in agreement that a long-arm statute * * * is not applicable so as to validate an attempted service of process made prior to its effective date and jurisdictionally defective when made". Annot. 19 A.L.R.3d 131, 141. This is the situation we have here.

The Court concludes that the attempted service of process on Deere and Company and John Deere of Baltimore was insufficient to subject these defendants to the in personam jurisdiction of this Court. Having so concluded, the Court deems it unnecessary at this time to consider the question whether F.S. §§ 48.-161 and 48.181, F.S.A. encompass actions sounding in tort.

 In cases in which a movant requests both a dismissal of the action and in the alternative quashing of service of process, or asks for both forms of relief, the courts have broad discretion either to dismiss the case or to retain it but quash the service. 5 Wright and Miller, Federal Practice and Procedure, § 1354. It appears retention of this suit in this Court will serve no useful purpose as, under this ruling, effective service of process cannot be had. In an abundance of caution, however, the Court will at this time grant only the motion to quash. Such order is without prejudice to right of defendants to seek again by motion dismissal, if effective service of process is not obtained within thirty (30) days after this date.

Therefore, it is

Ordered:

1. Motion to dismiss the action is hereby denied, without prejudice, however, to right of these defendants to seek again by motion dismissal of this action if effective service of process upon them is not obtained within thirty (30) days after the date of this order.

2. Motion to quash service of process is hereby granted, and the process and its service quashed.