HENDRY, Judge.
This is an interlocutory appeal by defendant Mary E. Lipman from an order of the Circuit Court for Dade County, Florida, denying her motion to quash notice to take her deposition, and holding that service of process upon a horse trainer, as custodian and authorized agent of LEM Stables, constitute personal service upon the defendant-appellant. Plaintiff-appellee Zuk filed a complaint which generally alleged fraudulent concealment of assets by defendant-appellant, and requested damages and sequestration, under § 68.03, Fla.Stat., F.S.A.
Appellant seeks reversal of the order appealed on the grounds that the service of process made upon appellant’s agent pursuant to § 48.071, Fla.Stat., F.S.A. was not sufficient service to subject her to the jurisdiction of the courts of Florida. We agree and reverse.
The statute provides, in part:
“When any natural person or partnership not residing or having his or their principal place of business in this state engages in business in this state, process may be served on the person who is in charge of any business in which the defendant is engaged within this state at the time of service, including agents soliciting orders for goods, wares, merchandise or services. Any process so served is as valid as if served personally on the nonresident person or partnership engaging in business in this state in any action against the person or partnership arising out of such business. * * *”
The record does not show that appellant has carried on any business in Florida which is connected with or out of which appellee’s cause of action arose. The complaint shows that the cause of action upon which appellee is suing in Florida is based upon promissory note which appellant’s husband gave to the appellee while the parties were residents of Massachusetts. It appears that at the time the instant suit was commenced the persons involved were still residents of Massachusetts.
Non-resident service of process statutes are strictly construed, and the party invoking the statutes has the burden of clearly showing that the situation presented justifies application of the statutes. Sausman Diversified Investments, Inc. v. Cobbs Co., Fla.App.1968, 208 So.2d 873.
Appellee has not carried his burden of showing that appellant was doing business in Florida so as to make her amenable to service of process under § 48.071, Fla.Stat., F.S.A. See: Young Spring & Wire Corporation v. Smith, Fla. 1965, 176 So.2d 903; Unterman v. Brown, Fla.App. 1964, 169 So. 2d 522. For the reasons stated the trial court erred in entering the order of appeal.
Reversed.