PER CURIAM.
This appeal, filed by two of the defendants below, is from an order denying their defensive motion stating, as grounds, lack of jurisdiction over the person and insufficiency of process. See Rule 1.140(b) (2) and (4) FRCP, 30 F.S.A.
The complaint alleged the plaintiffs were real estate brokers; that they had procured a purchaser for all of the outstanding stock of the defendant Florida corporation; that the stock was owned by the five individual defendants, three of whom (Van, Miller and Aronson) were residents of Florida and two of whom, the appellants Clark and Cartier, were non-residents. It was alleged a contract for sale of the stock was enter *590 ed into between a purchaser and the sellers on a certain date, and that on the same date the sellers entered into a separate contract with the brokers recognizing them as having procured the purchaser and agreeing to pay the brokers a stated commission; that it was a condition of the contract for sale of the corporate stock that title to the real estate owned by the corporation should be good and marketable; that the title proved to be otherwise; and that by reason thereof the sale was not closed and the purchaser obtained a return of the earnest money.
The plaintiff brokers, declaring on their commission contract, sought judgment against the individual defendants for the commission claimed to be due them. In addition, the plaintiffs alleged they anticipated difficulty in collecting their commission due to the fact that two of the persons obligated to pay the same were non-residents, for which circumstance the plaintiffs prayed for imposition of a lien on the corporate stock owned by the defendants and for an injunction to restrain the defendants from disposing of the stock, in order to insure its retention by them so that it would be available to be made subject to execution to satisfy their judgment for commission, if and when obtained. We express no opinion on the merit of that ambitious claim of the plaintiffs for equitable relief, since the merit or lack of merit thereof is a matter for consideration and determination by the trial court in this cause. We hold, however, that the request for such equitable relief, for the purpose of aiding in collection of a personal judgment for real estate commission, if obtained against the individual defendants, could not serve to permit the plaintiffs to obtain jurisdiction over the non-resident defendants by publication in this action ex con-tractu for recovery of a commission.
The service attempted on the two nonresident individual defendants was by publication under § 49.011 Fla.Stat., F.S.A. Their-motion challenging jurisdiction thereunder was supported by their separate affidavits stating their non-residence; that they had no office or place of business in Florida and had no interest other than through ownership of stock of the corporation.
By § 48.181 Fla.Stat., F.S.A., the engaging in business in Florida (in the manner and respects set out in the statute) will make a non-resident subject to be served by substituted service. Subsection (3)of § 48.181 provides among other things that one selling tangible or intangible property through a broker will be conclusively presumed to be engaged in business or a business venture in Florida. We need not express opinion upon the question of whether a single sale of his corporate stock which is owned by a non-resident (to a Florida purchaser, through a local broker) operates to make the non-resident subject to substituted service under that statute (compare Fawcett Publications, Inc. v. Rand, Fla.App.1962, 144 So.2d 512, 514), because the method of substituted service provided for in that statute (by service on the Secretary of State) was not employed in this instance. As for the service attempted on the non-residents in this case under § 49.011 Fla.Stat., F.S.A., we hold, for the reasons set out above, that the complaint did not present a basis for service by publication on the non-resident appellants.
Accordingly, the order appealed from is reversed, and the cause is remanded with direction to enter an order quashing the service by publication on the appellants.
Reversed and remanded with direction.