289 So.2d 481 (1974)
MARTIN BLUMENTHAL ASSOCIATES, INC., a Florida corporation, Appellant,
v.
David F. DINSMORE et al., Appellees.
No. 73-1217.
District Court of Appeal of Florida, Third District.
January 15, 1974.
Rehearing Denied February 26, 1974.
*482 Myers, Kaplan, Porter, Levinson & Kenin and Peter H. Leavy, Miami, for appellant.
McCarthy, Steel, Hector & Davis and Joseph P. Klock, Jr., Miami, for appellees.
Before CARROLL, HENDRY and HAVERFIELD, JJ.
HENDRY, Judge.
This is an interlocutory appeal from an order by the trial court dismissing appellant's complaint on the ground that the court lacks jurisdiction over the person of the defendants. We reverse.
The appellant, a Florida corporation, sued the defendants, all non-residents of Florida, for a brokerage commission, resulting from an exchange of stock of the D.J. Dinsmore Company, a South Dakota corporation in which the defendants held stock interests, for stock in the Jim Walter Corporation, a Florida corporation. Appellant alleges that commencing in May of 1972 when Mr. Martin Blumenthal, appellant's president, traveled to Sioux Falls, South Dakota to discuss the acquisition with the defendants, until November 9, 1972, when the transaction was closed and an agreement executed in Chicago, Illinois, it acted as the broker on behalf of defendants. During the six months in which the transaction was negotiated, on only one occasion did any of the defendants actually come to Florida. On July 7, 1972, Mr. David Dinsmore flew to Tampa, Florida and held discussions with officers of the Jim Walter Corporation. Other negotiations were conducted by telephone and mail between Sioux Falls and Tampa, and two other meetings were held in Sioux Falls involving an officer and two accountants of Jim Walter Corporation. The deal was closed in Chicago, and appellant, having not received its commission, instituted this action in the Dade County Circuit Court. Substituted service of process was obtained upon the defendants pursuant to the "long-arm" statute, Fla. Stat. §§ 48.181, 48.182 and 48.161, F.S.A.; however, on May 3, 1973 the trial court quashed process as to all defendants. Appellant thereafter received leave to amend its complaint and again accomplished substituted service on the defendants. The defendants again moved to quash process and to dismiss the complaint upon four alternative grounds: lack of jurisdiction over the person, insufficiency of process, insufficiency of service of process and failure to state a cause of action. The trial judge on September 24, 1974 granted the motion to dismiss stating that the defendants did not have the minimal contacts with the forum sufficient to subject them to substituted service.
Before considering the merits of this appeal, we deem it necessary to comment upon the two orders entered in this cause. The first order of May 3rd entered by a different trial judge is styled, "Order Granting Motion to Quash." The second order is entitled, "Order Granting Defendants' Motion to Dismiss." Each order granted a written motion by the defendants which was substantially the same and which included as one ground for dismissal a failure to state a cause of action. See Florida R.C.P. 1.140(b), 30 F.S.A. Each order also obviously was directed to the same legal problem, to-wit: a lack of jurisdiction *483 over the person of the defendants because of the lack of necessary minimal contacts with the forum.
The difficulty arising is that the second order creates a potential mistaken impression that the complaint was dismissed because it failed to state a cause of action. Clearly this was not the basis for either order. Each order only partially was correct. In the instant case, the order should have granted the motion to dismiss for lack of jurisdiction over the person and granted the motion to quash the service of process.
Turning now to the merits, it is appellant's basic contention that the trial court was in error in finding that sufficient minimal contacts between the non-resident defendants and the state of Florida did not exist to enable a Florida court to exercise jurisdiction comporting with due process standards of substantial justice and fair play. Appellant relies on Fla. Stat. § 48.181(1), F.S.A. and language therein which subjects non-residents to the jurisdiction of a court in the state when they "engage in or carry on a business or business venture in this state." Appellant fortifies this argument through subsection (3) of the statute which provides:
"(3) Any person, firm or corporation which sells, consigns, or leases by any means whatsoever tangible or intangible personal property, through brokers, jobbers, wholesalers or distributors to any person, firm or corporation in this state shall be conclusively presumed to be operating, conducting, engaging in or carrying on a business venture in this state."
Appellees' response is that while their activity was carried on with a view to acquiring stock of a Florida corporation and thus realizing a "pecuniary benefit,"[1] that their activity when considered collectively was a business venture carried on outside of Florida.
Appellees correctly point out that the trial court's ruling on questions of fact in a case such as this is clothed by a presumption of correctness,[2] and since the statute provides for a method of substituted service it must be strictly construed.[3] However, it has also been noted that the "long-arm" statute has been construed "as broadly as consistent with due process" and held "applicable to the fullest extent permissible within constitutional limits upon the state's power to act extraterritorially." Flying Saucers, Inc. v. Moody, 421 F.2d 884, 887 (5th Cir.1970).
Emphasis is placed by the appellees upon the fact that the agreement in this case was executed in Chicago, and therefore this court is presented with a contract situation wherein the contract was neither entered into nor performed in Florida. See Compuguide Corp. v. Sachs, supra; Hamilton Brothers, Inc. v. Peterson, 445 F.2d 1334 (5th Cir.1971). Appellees further argue that even if the contract were formed in Florida, it constitutes only an isolated act which is insufficient to constitute carrying on a business or business venture in this state. See Lyster v. Round, Fla.App. 1973, 276 So.2d 186; Hayes v. Greenwald, Fla.App. 1963, 149 So.2d 586.
We think this line of argument ignores the clear effect of Section 48.181(3), supra. In our view, the fundamental question in this appeal is whether under this statute a single sale of corporate stock owned by non-residents, as was the case in the cause sub judice, made to a Florida purchaser through a local broker operates to make the non-residents subject to substituted *484 service. Cf. Clark v. Realty Investment Center, Inc., Fla.App. 1971, 252 So.2d 589. We think that it does.
In Fawcett Publications, Inc. v. Rand, Fla.App. 1962, 144 So.2d 512, this court stated that in order to obtain service under § 48.181(3) it must be demonstrated that either (1) a foreign corporation has some degree of control over the personal property in the hands of a broker selling or distributing the personal property in this state or (2) the foreign corporation has some degree of control over the broker selling or distributing the personal property in this state.
In the instant case, some degree of control was exercised over the Florida broker. In addition, the appellees clearly had control over the intangible property, their stock, which they have exchanged for stock in the Jim Walter Corporation, which they now own. We think it is not unreasonable under these circumstances for a Florida court to take jurisdiction. It was stated in Horace v. American National Bank and Trust Co., Fla.App. 1971, 251 So.2d 33, a case in which the court found that a Florida court was vested with jurisdiction under the "minimum contacts" rule:
"Moreover, the state has a legitimate interest in protecting financial transactions and business activities carried on within its borders. Consistent herewith, the state has a manifest interest in preserving the obligations of contracts as well as resolving suits resulting from such contracts and transactions."
Therefore, for the reasons stated and upon the authorities cited and discussed, the order appealed is reversed and the cause is remanded for further proceedings.
Reversed and remanded.
NOTES
[1] DeVaney v. Rumsch, Fla. 1969, 228 So.2d 904.
[2] Compuguide Corp. v. Sachs, Fla.App. 1972, 259 So.2d 513.
[3] Kastan v. Kastan, Fla.App. 1969, 222 So.2d 55; American Liberty Insurance Company v. Maddox, Fla.App. 1970, 238 So.2d 154; Green v. Nasher, Fla.App. 1968, 216 So.2d 492; Lipman v. Zuk, Fla.App. 1970, 244 So.2d 496; Crews v. Rohlfing, Fla.App., 285 So.2d 433, opinion filed November 13, 1973.