301 So.2d 134 (1974)
John E. MARSHALL et al., Appellants,
v.
James Kenneth JOHNSON et al., Appellees.
No. V-268.
District Court of Appeal of Florida, First District.
October 8, 1974.
Edna L. Caruso, of Howell, Kirby, Montgomery, D'Aiuto, Dean & Hallowes, West Palm Beach, and S. Larue Williams, Orlando, for appellants.
Terrill Griffin, Orlando, and Terrill J. LaRue, Daytona Beach, for appellees.
McCORD, Judge.
This is an interlocutory appeal from an order denying a motion to quash service of process upon appellants Lesch, Hoppe, Stockton and Borden, California residents, under § 48.193, Florida Statues (the long-arm statute). The cause of action alleged in the complaint arose from an accident which occurred on July 18, 1971, on lands owned by appellants. The complaint was filed on June 15, 1972, and at that time service could not be effected on the non-resident appellants. The then existing Florida long-arm statute, § 48.181, Florida Statutes, provided no means for obtaining jurisdiction over the persons of appellants. On July 14, 1972, appellants sold the land and subsequently the new long-arm statute, § 48.193, Florida Statutes, was enacted by the legislature and became effective July 1, 1973. It provided that any person, whether or not a citizen or resident of this state, submits himself to the jurisdiction of the courts of this state for any cause of action arising from his owning, using, or possessing any real property within this state. Appellee then served the California residents (appellants) under the new long-arm statute and the trial court denied appellant's *135 motion to quash, ruling that the new statute was procedural and thus retroactive.
Both appellants and appellees rely upon the Florida Supreme Court's opinion in Gordon v. John Deere Company, Fla., 264 So.2d 419 (1972) in support of their respective positions. Gordon dealt with § 48.182, Florida Statutes (the previous long-arm statute). There the Supreme Court had before it a certified question from the United States Court of Appeals, 5th Circuit, as follows:
Whether or not Florida Statutes, Section 48.182 (1970), applies retroactively to allow service under its provisions as to an alleged wrongful act committed prior to the enactment of the statute."
The United States District Court, Northern District of Florida, had granted a motion to quash service under said statute and its order was on appeal to the United States Court of Appeal. The suit had been filed in the District Court on July 18, 1969, alleging injuries resulting from an accident occurring on July 19, 1965. The statute under which service was attempted became effective on July 1, 1970, and provided for service on a non-resident committing a wrongful act outside of the state which causes injury within the state. Appellee argues that the basis of the ruling in Gordon was that the statute was not procedural but was substantive in that it provided for a new remedy where none existed previously; that in the case sub judice there has always been a remedy for negligence of property owners and the statute simply provides a method of effecting service of process upon a non-resident owner. We do not agree that such distinction was the basis for the ruling of the Federal District Court (Gordon v. John Deere Company, D.C.Fla., 320 F. Supp. 293) and the Florida Supreme Court in Gordon. There the Supreme Court in ruling that the statute was not to be applied retroactively quoted with approval from the opinion of the United States District Court in part as follows:
"With reference to the Florida Statutes, it has been held that an amended statute could not be considered procedural and could not operate retrospectively when there was no pre-existing remedy, either because there was no previous method of service provided, or because the methods of service differed. * * *" (Emphasis supplied)
The quote from the United States District Court goes on to say that the statute "does not operate in furtherance of a pre-existing remedy, but rather operates to create a new remedy. Thus, it falls within the proscription against retrospective operation."
In the case sub judice as in Gordon, there was no pre-existing remedy against the alleged non-resident wrongdoers because there was no means for the Florida court to obtain jurisdiction over them. There was no pre-existing remedy because there was no previous method of service provided. In addition, in the case sub judice, not only was the statute on which jurisdiction over the non-resident appellants was dependent enacted after the alleged cause of action accrued, but when it was enacted, appellants no longer owned the property. See Meier v. Grimes, Fla.App. (4th), 202 So.2d 870 and Heberle v. P.R.O. Liquidating Company, Fla.App. (1st), 186 So.2d 280.
Reversed.
SPECTOR, Acting C.J., and BOYER, J., concur.