305 So.2d 269 (1974)
Robert B.M. BARTON et al., Appellants,
v.
The KEYES COMPANY, a Florida Corporation, Appellee.
No. 74-1249.
District Court of Appeal of Florida, Third District.
December 31, 1974.
*270 William J. Pruitt, Redfearn & Simon, Miami, for appellants.
Sager & Burns, Wolf & Schoninger and David R. Weissman, Miami, for appellee.
Before PEARSON, HENDRY and NATHAN, JJ.
PEARSON, Judge.
Appellants Barton were sued in Florida by appellee Keyes Company in an action claiming breach of a contract to pay a real estate commission. The Bartons are residents of the state of Massachusetts; service of process was attempted pursuant to Fla. Stat. § 48.194. The Bartons moved to dismiss on the grounds that they, as non-residents, (1) were not subject to the process issued and (2) were not served in conformity with the Florida Statutes. The trial judge denied the motion to dismiss and this interlocutory appeal is from that order.
The governing determination on this appeal appears to be whether the cause of action arose after the effective date of the statute. See Marshall v. Johnson, Fla. App. 1974, 301 So.2d 134. This opinion was not available to the trial judge at the time of his decision.
The complaint alleges that:
"The subject transaction was closed in June of 1973, through Lawyers Title Insurance Corporation and contrary to the understanding of the parties the purchasers failed and refused to pay the Ten Thousand ($10,000.00) Dollars' commission due to THE KEYS COMPANY."
An amendment to the complaint was filed after the date of attempted service and after the order appealed.[1] This amendment alleges that:
"On or about July 9, 1973, the KEYS COMPANY learned for the first time from the purchasers' attorney that the purchasers refused to pay the brokerage commission ..."
Service upon the non-resident Bartons was attempted under Fla. Stat., §§ 48.193 and 48.194, which became effective July 1, 1973. The sections of the statute may not be applied retroactively to causes of action which accrued prior to their effective date. Gordon v. John Deere Company, Fla. 1972, 264 So.2d 419; Robert E. Marx, Inc. v. Scarney, Fla.App. 1971, 253 So.2d 722; Marshall v. Johnson, Fla.App. 1974, 301 So.2d 134.
It is apparent that upon the record as it stood at the time of the trial judge's order (see footnote 1, supra), the statute was given retroactive application. The order appealed must be reversed upon authority of Marshall v. Johnson, supra.
*271 We note that our recent decision in Ratner v. Hensley, Fla.App. 1974, 303 So.2d 41 (opinion filed November 12, 1974) may seem to indicate a holding that all constructive service statutes may be given a retroactive application. To the extent that our opinion in Ratner may be given such an interpretation, we recede therefrom. That appeal was from a summary judgment. The holding in Ratner was that where a South Carolina constructive service statute had been declared unconstitutional and subsequently reenacted, we could not hold, as a matter of law, that the statute was inapplicable to a cause of action arising prior to the reenactment.
Having found error upon the basis of appellant's first point, we do not consider the other points presented.
Reversed and remanded.
NOTES
[1] "Appellate courts do not exist for the purpose of conducting a trial de novo and it is highly improper for counsel to insert in their briefs matters and things which are not a part of the trial record and which have not been brought to the attention of the trial court for its consideration." Florida Livestock Bd. v. Hygrade Food Products Corp., Fla.App. 1962, 141 So.2d 6.