**Mel ZIEGLER, Plaintiff,**

v.

**The RING PUBLISHING CORP., a foreign corporation, and Bert Randolph Sugar, individually, Defendants.**

**No. 82–892–Civ–CA.**

United States District Court,
S.D. Florida.

Sept. 27, 1982.

application by his sister on his behalf would, apparently, bring Saad within the guidelines

Joseph H. Adams of Pepper, Hamilton & Scheetz, Orlando, Fla., and Peter Hearn and Nina M. Gussack of Pepper, Hamilton & Scheetz, Philadelphia, Pa., for defendants.

Meyer, Weiss, Rose, Arkin, Shampanier, Ziegler & Barash, P.A., Miami Beach, Fla., for plaintiff.

## ORDER DISMISSING CAUSE

ATKINS, Chief Judge.

THIS CAUSE is before the Court on defendants' motion to dismiss for lack of personal jurisdiction, pursuant to Fed.R.Civ.P. 12(b)(2). This is a libel action against The Ring Publishing Corp. ("Ring"), publisher of *Ring* magazine, and Bert Randolph Sugar, editor of *Ring*, based on allegedly libe-

and render him eligible for parole.

lous statements about plaintiff published in *Ring.* Ring is a New York corporation and Sugar is a citizen of New York. Plaintiff alleges jurisdiction under two sub-sections of Florida's "Long-Arm" statute, Fla.Stat. §§ 48.193(1)(b) and (1)(f). For the reasons stated below, I find that this Court has no personal jurisdiction over the defendants and that this cause must be dismissed.

To decide whether Florida may properly assert in personam jurisdiction over these out-of-state defendants the Court must make a two-fold inquiry. The first question is whether Fla.Stat. § 48.193 is properly applicable to the defendants in this action. If the Florida "Long-Arm" statute is applicable, the Court must decide whether such jurisdiction is constitutionally permissible. *Rebozo v. Washington Post Co.,* 515 F.2d 1208 (5th Cir.1975). Florida's "Long-Arm" statute provides, in pertinent part:

(1) Any person, whether or not a citizen or resident of this state, who personally or through an agent does any of the acts enumerated in this sub-section thereby submits that person and, if he is a natural person, his personal representative to the jurisdiction of the courts of this state for any cause of action arising from the doing of any of the following:

(a) Operates, conducts, engages in, or carries on a business or business venture in this state or has an office or agency in this state.

(b) Commits a tortious act within this state.

\* \* \* \* \* \*

(f) Causes injury to persons or property within this state by the defendant, provided that at the time of the injury either:

1. The defendant was engaged in solicitation or service activities within this state which resulted in such injury; or

2. Products, materials, or things processed, serviced, or manufactured by the defendant anywhere were used or consumed within this state in the ordinary course of commerce, trade, or use, and the use or consumption resulted in the injury.

■ Publication, or dissemination, of the allegedly libelous statement is a necessary element of the tort of libel. *Rebozo v. Washington Post Co., supra,* 515 F.2d 1208. Thus, distribution in Florida of the issue of *Ring* magazine containing the allegedly libelous statements would constitute the commission of a tortious act within the state, bringing defendants within the long-arm jurisdiction of Fla.Stat. 48.193(1)(b).[1]

Subsection (f) of the Florida "Long-Arm" statute is intended to cover products liability and is not applicable to these defendants. *See Rebozo v. Washington Post Co., supra,* 515 F.2d 1208; *cf. Buckley v. New York Post Corporation,* 373 F.2d 175 (2d Cir.1967) (construing a similarly worded Connecticut statute).

■ Even though the defendants are within the scope of Fla.Stat. 48.193(1)(b), in order to subject them to the jurisdiction of this Court they must have had sufficient contacts with Florida such that the maintenance of this suit does not offend traditional notions of fair play and substantial justice. *International Shoe Company v. State of Washington,* 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945). Neither of the defendants has had sufficient contacts to meet this standard. Ring's principal place of business is in New York, it neither has nor has it applied for authority to do business in Florida, and its circulation in Florida only amounts to 3.5% of its total circulation. It has not actively solicited subscriptions in Florida, and, although its reporters have occasionally come to Florida to do special stories, it has no regular reporters or "stringers" in this state. This is insuffi-

---

1. Defendants rely on *American Federation of Police v. Gordon,* No. 81–543 (Fla. 11th Jud. Cir., Feb. 16, 1982) for the contrary view. That decision, however, was made by a state trial court and is not binding on this Court, especially when the Fifth Circuit Court of Appeals disagrees. Furthermore, I think that *Rebozo* correctly interprets Florida law, in that Florida courts have given the broadest constitutionally permissible effect to Fla.Stat. 48.193. *See, e.g. Martin Blumenthal Associates, Inc. v. Dinsmore,* 289 So.2d 481, 483 (Fla. 3d DCA 1974).

cient to justify assertion of jurisdiction over *Ring*. *Cox Enterprises, Inc. v. Holt*, 678 F.2d 936 (11th Cir.1982). *New York Times Co. v. Connor*, 365 F.2d 567 (5th Cir.1966).[2]

The individual defendant, Sugar, has engaged in even less activities in Florida than Ring. He has not been in Florida in five years, and, as an editor, does not solicit business nor supervise such solicitation. Furthermore, even if, as an editor, Sugar might be liable for the actions of his subordinates, insofar as Ring itself has insufficient contacts with Florida, Sugar clearly has not had such contacts. Thus, I find that this Court may not exercise personal jurisdiction over either of the defendants. Accordingly, it is

ORDERED AND ADJUDGED that defendants, Ring Publishing Co. and Bert Randolph Sugar, motion to dismiss is GRANTED. This cause is hereby DISMISSED without prejudice.

**2.** In *Rebozo v. Washington Post Co., supra*, 515 F.2d 1208, by contrast, the defendant publishing company ran a wire service in Florida and frequently sent reporters to this state.