SHARP, Judge,
concurring specially.
The test results in this case had independent scientific standing to justify its admission, even if there were no operable rules then in effect adopted by HRS. I think this item of evidence was admissible quite independent of sections 316.1932(1)(f)1 or 316.1934(3), Florida Statutes (Supp.1982). See Pardo v. State, 429 So.2d 1313 (Fla. 5th DCA 1983).
Relying upon the principle that procedural rules may be retroactively applied, as the majority opinion appears to do, invites the dilemma of having to also hold that procedural rules governing admissibility of evidence in courts may be passed by the legislature. The contrary is well established. Procedural rules governing the operation of the courts of this state are deemed to be the special province of the Florida Supreme Court. Markert v. Johnston, 367 So.2d 1003 (Fla.1978); Benyard v. Wainwright, 322 So.2d 473 (Fla.1975); Military Park Fire Control Tax District No. 4 v. DeMarois, 407 So.2d 1020 (Fla. 4th DCA 1981). *1184 Substantive matters affecting the courts may be passed by the legislature, but they are not given retroactive effect. See Barton v. Keyes Company, 305 So.2d 269 (Fla. 3d DCA 1974).