# SIXTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

Case No. 6D2025-0085
Lower Tribunal No. 2021-CA-004685

_____

CARLOS MONROY,

Appellant,

v.

GABRIELA PRADO,

Appellee.

_____

Appeal pursuant to Fla. R. App. P. 9.130 from the Circuit Court for Orange County.
Patricia L. Strowbridge, Judge.

March 13, 2026

PRATT, J.

Appellant Carlos Monroy, a foreign national and resident of Mexico who was allegedly involved in a car crash in Florida, appeals the trial court's nonfinal order denying his motion to quash service of process. We have jurisdiction. *See* art. V, § 4(b)(1), Fla. Const.; Fla. R. App. P. 9.130(a)(3)(C)(i). "[W]e review the trial court's legal conclusions and application of law to facts de novo and its factual findings for competent, substantial evidence." *Moore v. State*, No. 6D2024-2740, 2025 WL 1275891, at *3 (Fla. 6th DCA May 2, 2025); *e.g.*, *St. Vincent's Med. Ctr., Inc. v. Mem'l Healthcare*

*Grp., Inc.*, 967 So. 2d 794, 799 (Fla. 2007) ("Under the familiar maxim, we review findings of fact under the competent substantial evidence standard, while legal conclusions are reviewed de novo." (citation omitted)).

In this case, the Florida Secretary of State was served with substituted service of process on February 19, 2024, as Appellant's statutory agent for service of process. Having considered the parties' arguments and the record on appeal, we affirm the trial court's denial of Appellant's motion to quash service of process. *See, e.g.*, *Alvarado-Fernandez v. Mazoff*, 151 So. 3d 8, 13 & n.8 (Fla. 4th DCA 2014) ("[T]he [Hague Service Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters commonly known as the] Hague Convention is expressly inapplicable in cases where the location of the person to be served is unknown. . . . [T]he Convention 'shall not apply where the address of the person to be served with the document is not known.'" (quoting Hague Convention, art. 1, 20 U.S.T. 361, 1969 WL 97765 (1969))); §§ 48.161, .171, Fla. Stat.[1]

---

[1] Under the facts of this case, the substituted service of process was legally valid under both chapter 48, as amended by chapter 2022-190, Laws of Florida, and the laws governing service of process in effect before January 2, 2023, which would have applied in the absence of chapter 2022-190, Laws of Florida. *See generally* ch. 2025-13, § 5, Laws of Fla. ("(1) The amendments made to chapter 48, Florida Statutes, by chapter 2022-190, Laws of Florida, apply to causes of action that accrued on or after January 2, 2023, and to all causes of action that accrued before January 2, 2023, for which service of process was effectuated on or after January 2, 2023. (2) Notwithstanding subsection (1), any service of process that occurred between January 2, 2023, and October 1, 2025, which has not been invalidated by a court, is valid if such service complied with either chapter 48, Florida Statutes, as amended by chapter 2022-190, Laws of Florida, or the

AFFIRMED.

MIZE and BROWNLEE, JJ., concur.


Edgardo Ferreyra and Christine N. Gargano, of Luks, Santaniello, Petrillo, Cohen & Peterfriend, Jacksonville, for Appellant.

David L. Luck, of Morgan & Morgan, P.A., Miami, and Meranda S. Landes, of Morgan & Morgan, P.A., Orlando, for Appellee.


NOT FINAL UNTIL TIME EXPIRES TO FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF TIMELY FILED

---

laws governing service of process in effect before January 2, 2023, which would have applied in the absence of chapter 2022-190, Laws of Florida. (3) The amendments made by this act apply to all service of process made or effectuated on or after October 1, 2025, regardless of whether the cause of action accrued before, on, or after October 1, 2025. (4) This section does not extend or modify the time for challenging the validity of any service of process and does not revive any ability to challenge the validity of service of process which has previously been waived."). We reject Appellant's argument that section 48.161, as amended by chapter 2022-190, is "substantive, not procedural, and cannot apply retroactively." Chapter 2022-190's amendment to section 48.161 is procedural— not substantive—as it "operate[s] in furtherance of a pre-existing remedy" as opposed to "operat[ing] to create a new remedy." *Gordon v. John Deere Co.*, 264 So. 2d 419, 420 (Fla. 1972) (approvingly quoting *Gordon v. John Deere Co.*, 320 F. Supp. 293, 296 (N.D. Fla. 1970)); *see generally Weaver v. Volusia Cnty.*, 352 So. 3d 392, 394 (Fla. 5th DCA 2022) (distinguishing between "substantive" and "procedural/remedial" statutes). And chapter 2022-190's amendment to section 48.161 can indeed apply retroactively, as the Legislature "clearly expressed" that the amended statute applies retroactively and retroactive application of the amended statute "would [not] violate any constitutional principles." *Fla. Ins. Guar. Ass'n, Inc. v. Devon Neighborhood Ass'n, Inc.*, 67 So. 3d 187, 195 (Fla. 2011) (quoting *Menendez v. Progressive Express Ins. Co., Inc.*, 35 So. 3d 873, 877 (Fla. 2010)).